SECOND DIVISION

August 22, 2000 

(
NUNC
 
PRO
 
TUNC
 June 27, 2000
)

No. 1-98-2422

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

BASHIR JIHAD BAAREE,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

William O. Maki,

Judge Presiding.

JUSTICE McBRIDE delivered the opinion of the court:

Following a bench trial, defendant Bashir Jihad Baaree was found guilty of the class 1 felony offense of possession of a controlled substance with intent to deliver.  The trial court sentenced defendant to a six-year prison term after finding he was subject to mandatory class X sentencing pursuant to section 5-5-

3(c)(8) of the Unified Code of Corrections.  Defendant appeals, challenging the constitutionality of section 5-5-3(c)(8) and arguing, in the alternative, that he should not have been sentenced as a class X offender under the terms of that section.

Defendant was arrested on July 4, 1997, and charged with two different offenses related to his alleged possession of cocaine.  He was 20 years old at the time of his arrest.  On April 20, 1998, following a bench trial, defendant was found guilty of possession of a controlled substance with intent to deliver, a class 1 felony.  720 ILCS 570/401(c)(2) (West 1998).  Four days later, on April 24, 1998, defendant turned 21.

Defendant was sentenced on May 22, 1998.  At the sentencing hearing, 
the court determined that, because of his prior criminal history, defendant was subject to a mandatory class X sentence pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections.  730 ILCS 5-5-3(c)(8) (West 1998).  Section 5-5-3(c)(8) provides, in relevant part, that:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender."  730 ILCS 5/5-5-3(c)(8) (West 1998).

The trial court then sentenced defendant to a six-year prison term, the minimum class X sentence.

Defendant now appeals, arguing that, for various reasons, he should not have been subject to class X sentencing under section 5-

5-3(c)(8).  730 ILCS 5-5-3(c)(8) (West 1998).

Defendant acknowledges that his trial attorney failed to preserve the sentencing issues raised on appeal in a written motion to reconsider defendant's sentence.  However, pursuant to Supreme Court Rule 615(a), plain errors or defects affecting substantial rights may be addressed on review even where they were not brought to the attention of the trial court.  134 Ill.2d R. 615(a).  Sentencing issues 
are regarded as matters affecting a defendant's substantial rights and are thus excepted from the doctrine of waiver.  
People v. Burrage
, 269 Ill. App. 3d 67, 71, 645 N.E.2d 455 (1994).  
Nor does waiver apply where the constitutionality of a statute is being challenged.  
People v. Carter
, 228 Ill. App. 3d 526, 532, 592 N.E.2d 491 (1992).  The State chose not to argue that the issues raised on appeal were waived.  We agree with defendant that the issues raised have not been waived and we will thus consider the merits of his arguments.

We first address defendant's contention that the term "convicted" in section 5-5-3(c)(8) can be construed as referring to the time at which the court determined his guilt rather than the time at which sentence was imposed.  At the very least, defendant argues, the term "convicted," as used in the statute, is ambiguous.   Here, defendant turned 21 between the time the trial court entered a finding of guilty and the time he was sentenced.  The key part of section 5-5-3(c)(8) for our purposes is the section stating that the statute applies when "a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony."  Under a plain reading of the statute, it appears that a defendant's age at the time of conviction is the deciding factor in determining whether the statute will apply.  It is therefore necessary to determine what is meant by the term "convicted."

The term "conviction" or "convicted" is susceptible to more than one meaning, and its meaning will thus vary according to the context in which it appears and the purpose to which it relates.
  
People ex rel. Grogan v. Lisinski
, 113 Ill. App. 3d 276, 279, 281, 446 N.E.2d 1251 (1983).  The Unified Code of Corrections defines conviction as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury."  730 ILCS 5/5-1-5 (West 1998).

The State maintains that a finding of guilty is only an element of a conviction and that a conviction is not formally rendered until a sentence is imposed.
  Such an interpretation finds support in caselaw.  See, 
e.g.
, 
People v. Woods
, 306 Ill. App. 3d 1144, 1147, 715 N.E.2d 1218 (1999) ("The final judgment in a criminal case is the imposition of sentence, which is a necessary part of a complete judgment of guilt, without which a judgment of conviction is not final"), 
appeal allowed
, 186 Ill. 2d 588, 723 N.E.2d 1169 (1999); 
People v. Robinson
, 91 Ill. App. 3d 1128, 1130, 414 N.E.2d 1335 (1980) (holding that the date of conviction is the date the sentencing order is entered), 
aff'd
, 89 Ill. 2d 469, 433 N.E.2d 674 (1982).

There is contrary authority, however.  Section 5-1-5 states that a conviction means a "judgment of conviction 
or
 sentence."  730 ILCS 5/5-1-5 (West 1998) (emphasis added).  The plain language of the definition in section 5-1-5 itself thus suggests that a conviction may occur at some point prior to sentencing.  Similarly, s
ection 5-1-19 of the Code of Corrections, which defines a sentence to be the "disposition imposed by the court on a convicted defendant," also suggests that a conviction may occur prior to sentencing.  730 ILCS 5/5-1-19 (West 1998).

Further support for such an interpretation can be found in Illinois caselaw.
  
In 
People v. Franklin
, 135 Ill. 2d 78, 106-07, 522 N.E.2d 743 (1990)
, the Illinois Supreme Court held that the defendant was eligible for the death penalty under a provision which required a defendant to have been convicted of murdering two or more individuals where he had been found guilty of, and thus "convicted" of, two murders even though he had not yet been sentenced for one of the murders.  The court, in so finding, 
applied principles of statutory construction to determine that the terms "judgment of conviction" and "sentence" as used in section 5-

1-5 are distinct concepts
 and must be viewed separately.  
Franklin
, 135 Ill. 2d at 106.
 
 The State acknowledges that the supreme court, in 
Franklin
 and in other death penalty cases, 
has departed from a definition of conviction as requiring the imposition of a sentence.  
The State asserts, however, that the supreme court has departed from the view that a conviction requires a sentence only in death penalty jurisprudence.  We disagree.  
In 
People v. Medrano
, 282 Ill. App. 3d 887, 890, 669 N.E.2d 114 (1996), for instance, this court, in a non-death penalty case, addressed the question of what constitutes a "conviction": a verdict of guilty, pronouncement of judgment, or the imposition of a sentence.  The court concluded that "[w]hile imposition of a sentence completes the judgment and makes it final for purposes of an appeal, a judgment of conviction is rendered once the trial court adjudicates a defendant guilty." 
 
Medrano
, 282 Ill. App. 3d at 891.  See also 
People v. Goetz
, 27 Ill. App. 3d 680, 682, 327 N.E.2d 516 (1975) (holding that a reference to a "conviction" in section 5-5-3(a), was not simply to the entry of a record judgment of conviction but was to a determination of guilt); 
People v. Spears
, 83 Ill. App. 2d 18, 25-

26, 226 N.E.2d 67 (1967) ("The term conviction means the finding of guilty by court or jury and an adjudication of that fact").

The above citations to cases favoring either side merely demonstrate that the term convicted, as used in the Code of Corrections and elsewhere, is susceptible to multiple interpretations.  It is unclear from section 5-5-3(c)(8) whether a "conviction," as used in the statute, occurs upon a defendant's being found guilty or upon the imposition of a sentence.  
Moreover, the context in which the term is used in the statute does not favor one meaning over the other.  We therefore find the term "convicted," as used in section 5-5-3(c)(8), to be ambiguous in the context of this case.  
Criminal or penal statutes are to be strictly construed in favor of an accused.  
People ex rel. Gibson v. Cannon
, 65 Ill. 2d 366, 370-71, 357 N.E.2d 1180 (1976).  Where a statute creating or increasing a penalty or punishment is capable of two constructions, the construction favoring the accused is to be adopted.  
Cannon
, 65 Ill. 2d at 371.  Therefore, we find that defendant was convicted for purposes of section 5-5-3(c)(8) when he was adjudicated guilty by the trial court.  Because defendant was 20 years of age at that time, section 5-5-3(c)(8), by its terms, would not apply to him.

Having resolved this matter on grounds unrelated to defendant's constitutional claims, it is unnecessary for us to address those claims.  See 
County of Kankakee v. Anthony
, 304 Ill. App. 3d 1040, 1049, 710 N.E.2d 1242 (1999).

The trial court erred in finding that defendant was subject to mandatory class X sentencing.  We therefore remand this case so that defendant can be resentenced to a class 1 felony sentence.

Reversed and remanded.

COUSINS, P.J., and McNULTY, J., concur.