THIRD DIVISION

June 29, 2005

No. 1-04-0326

THE PEOPLE OF THE STATE OF ILLINOIS, 

Plaintiff-Appellee,

v.

JAMES WILLIAMS,   

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

03 CR 10479

Honorable

John J. Moran,

Judge Presiding.

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court:

Following a bench trial, defendant James Williams was convicted of burglary (720 ILCS 5/19-1 (West 2002)) and was sentenced as a Class X offender pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 2002)), to six years’ imprisonment.   Defendant now appeals and argues that section 5-5-3(c)(8) is ambiguous and violates his rights to equal protection and due process of the law.  In addition, defendant argues he was improperly admonished under Supreme Court Rule 605(a) (
Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a)(3), eff. October 1, 2001
).  We affirm.

The facts of the underlying case are not relevant to the disposition of this appeal.

On appeal, defendant argues first that, because he was only 20 years old at the time he committed the offense and “over 21" when convicted, the Class X recidivist provision could not be applied to him.
(footnote: 1)  That provision states in relevant part:

“When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class

felonies in Illinois, and such charges are separately brought and tried and

arise out of different series of acts, such defendant shall be sentenced

as a Class X offender.”  730 ILCS 5/5-5-3(c)(8) (West 1998).  

In 
People v. Baaree
, 315 Ill. App. 3d 1049, 735 N.E.2d 720 (2000), the defendant was 20 years old at the time he was arrested for and found guilty of drug possession, but turned 21 prior to sentencing.  The defendant was sentenced as a Class X offender pursuant to section 5-5-3(c)(8).  On appeal, the defendant challenged his mandatory Class X sentence by arguing that the phrase “when ‘a defendant over the age of 21 years, is convicted of a Class 1 or Class 2 felony’ ” was ambiguous because the term “is convicted” was subject to multiple interpretations, 
i.e
, at the time the court determined his guilt or at the time sentence was imposed.  
Baaree
, 315 Ill. App. 3d at 1051, 735 N.E.2d at 722, quoting 730 ILCS 5/5-5-3(c)(8) (West 1998).  The court determined that the term “convicted” was ambiguous, finding:

“Under a plain reading of the statute, it appears that a defendant’s age at the 

time of conviction is the deciding factor in determining whether the statute will

apply.  It is therefore necessary to determine what is meant by the term 

‘convicted.’ ”  
Baaree
, 315 Ill. App. 3d at 1051, 735 N.E.2d at 722. 

After a lengthy discussion of the meaning and prior interpretations of the term “convicted”, the 
Baaree
 court determined that for purposes of section 5-5-3(c)(8), a defendant is “convicted” when he is adjudicated guilty by the trial court.  
Baaree
, 315 Ill. App. 3d at 1052-53, 735 N.E.2d at 723.   

Defendant urges us to take the holding in 
Baaree
 one step further to interpret the above Class X offender provision as being triggered when a defendant is over 21 years 
“at the time the charged offense is committed
.”  Defendant maintains that the phrase “over the age of 21 years” is ambiguous in that it is not clear from the statute whether the age requirement pertains to when the accused becomes a “defendant” or when the accused is “convicted.”

The primary rule of statutory construction is to give effect to the intent of the legislature.  
People v. Jurisec
, 199 Ill. 2d 108, 118, 766 N.E.2d 648, 654 (2002).  In doing so, we must look to the language used in the statute itself and give it its plain and ordinary meaning.  
People v. Pomykala
, 203 Ill. 2d 198, 207, 784 N.E.2d 784, 790 (2003).   If a statute is unambiguous, we must enforce it as enacted and may not depart from the language by creating exceptions, limitations or conditions not expressed by the legislature.
  People v. Woodard
, 175 Ill. 2d 435, 443, 677 N.E. 2d 935, 939 (1997). The interpretation of a statute is a question of law and therefore is reviewed 
de novo
.  
People v. Davis
, 199 Ill. 2d 130, 135, 766 N.E.2d 641, 644 (2002).  

The court in 
Barree
 resolved any ambiguity in section 5-5-3(c)(8) when it determined that “convicted,” for the purposes of this section, refers to the adjudication of guilt and not to sentencing.  In making that determination, the 
Barree
 court also impliedly resolved the issue that defendant raises here.  The 
court specifically found that “[u]nder a plain reading of the statute, it appears that a defendant’s age at the time of conviction is the deciding factor in determining whether the statute will apply.” 
Baaree
, 315 Ill. App. 3d at 1051.  Consistent with 
Barree
, we find that “over the age of 21 years” for purposes of section 5-5-3(c)(8) refers to the time at which defendant is “convicted” or adjudicated guilty and not to the time when the offense was committed.   Defendant next argues that the Class X provision violates his constitutional rights to equal protection and due process because the provision arbitrarily penalizes a defendant based on the length of his trial, subjecting him to Class X sentencing only if the proceedings happen to stretch beyond his twenty-first birthday.  

The constitutionality of a statute is subject to 
de novo 
review.
  People v. Malchow
, 193 Ill. 2d 413, 418, 739 N.E.2d 433 (2000).  Statutes carry a strong presumption of constitutionality and the party challenging the statute bears the burden of rebutting that presumption.  
People v. Maness
, 191 Ill. 2d 478, 483, 732 N.E.2d 545 (2000).  This court has a duty to interpret a statute in a manner that upholds its validity and constitutionality if it can be reasonably done.  
People v. Fisher
, 184 Ill. 2d 441, 448, 705 N.E.2d 67 (1998).  

The standards used to determine the constitutionality of a statute under the due process and equal protection clauses are identical.  
People v. Kimbrough
, 163 Ill. 2d 231, 242, 644 N.E.2d 1137, 1143 (1994).  In addition, the analysis employed to assess equal protection claims is the same under both the United States and Illinois Constitutions (U.S. Const., amend. XIV, §1; Ill. Const.1970, art. I, § 2).  
Fisher
, 184 Ill. 2d at 450.  

Defendant correctly asserts that classification based on age is not a “suspect” classification and therefore is subject to the rational basis test rather than strict scrutiny.  See 
People v. Reed
, 148 Ill. 2d 1, 8, 591 N.E.2d 455, 457 (1992) (the rational basis test applies to classifications based on age).  Under the rational basis test, a statutory classification need only bear a rational relationship to a legitimate state goal.  
Reed
, 148 Ill. 2d at 7-8.   More specifically, we are charged with determining " ' whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare. ' " 
People v. Bradley
, 79 Ill. 2d 410, 417, 403 N.E.2d 1029, 1031 (1980), quoting 
Heimgaertner v. Benjamin Electric Manufacturing Co.
, 6 Ill. 2d 152, 159, 128 N.E.2d 691, 695 (1955).   Only if the statute withstands this test can it be upheld.  
People v. Hamm
, 149 Ill. 2d 201, 216, 595 N.E.2d 540, 546 (1992).  

In 
People v. Smith
, 345 Ill. App. 3d 742, 803 N.E.2d 750 (2004), after being convicted of burglary and sentenced as a Class X offender pursuant to section 5-5-3(c)(8), the defendant argued that section 5-5-3(c)(8) violated his right to equal protection because it subjected him to a harsher sentence because he was more that 21 years old.  In resolving the defendant’s equal protection argument, the 
Smith
 court relied on 
People v. Mendoza
, 342 Ill. App. 3d 195, 795 N.E.2d 316 (2003).  In 
Mendoza
, the court described the rationale for distinguishing repeat offenders based on their age:  

“Becoming 21 years old is a significant milestone in our society, and Illinois’ legislative scheme reflects this.  For example, persons ‘under 21' years old generally may not consume alcohol.  235 ILCS 5/6-20 (West 2002).  The Juvenile Court Act of 1987 defines a ‘minor’ as ‘a person under the age of 21 years’ (705 ILCS 405/1-3(10), 5-105(10) (West 2002)) and an ‘adult’ as ‘a person 21 years of age or older’ (705 ILCS 405/1-3(2) (West 2002)).  See also 720 ILCS 570/312(c)(2) (West 2002) (providing that a pharmacist may dispense certain controlled substances for medical purposes but only to ‘a person over 21 years of age’). 

In discussing section 5-5-3(c)(8), this court has adopted the commonly understood meaning of ‘over 21.’  We stated:

‘[The statute] presumes that persons under the age of 21 have great rehabilitative potential since a sentence will not be increased until after a defendant reaches age 21.  Our interpretation is consistent with the goal of prescribing a sentence that is proportionate to the seriousness of the offense with regard to the presumption that minors should be rehabilitated.’  
People v. Storms
, 254 Ill. App. 3d 139, 142 (1993).”   
Mendoza
, 342 Ill. App. 3d 198-99, 795 N.E.2d at 319-20.

Following this same reasoning, the 
Smith
 court concluded that classifying recidivist offenders based on whether they were at least 21 years old was rationally related to the legitimate state goal of attempting to rehabilitate repeat offenders under the age of 21 and punishing older repeat offenders more harshly.   Consequently, the court found that defendant’s right to equal protection was not violated when he was sentenced as a Class X offender based on his age.  
Smith
, 345 Ill. App. 3d at 750, 803 N.E.2d at 577.  

Defendant here is not challenging the legislature’s choice of the age of 21 as the dividing mark between those who are subject to Class X sentencing based on prior convictions and those who are subject to the sentencing range of the class of the offense charged.  Rather, defendant is challenging the Class X offender provision because it is subject to manipulation by the State, and this defendant claims, violates his rights to equal protection and due process..  

Defendant maintains that the State purposely delayed his trial beyond his twenty-first birthday so that he would be subject to Class X sentencing pursuant to section 5-5-3(c)(8).  On August 25, 2003, when defendant’s trial began, defendant was 20 years old.  Defendant was 21 years old when he was convicted of burglary on October 2, 2003.  

In the case at bar, the record reflects that a continuance from August 25, 2003 to September 12, 2003, was by order of court after the State and defense counsel indicated that they wished to have a transcript that would take several weeks to obtain.  A continuance from September 12, 2003, to September 16, 2003, was by order of court.  A continuance from September 16, 2003, to September 30, 2003, was by agreement.  In fact, on that date, defense counsel told the court, “Judge, we need a date.”  The court then continued the matter to September 30, 2003.  On September 30, 2003, the State requested another continuance.  Defense counsel objected and requested that the court deny the State’s motion.  The court continued the case to October 2, 2003, on the motion of the State.  The trial concluded on October 2, 2003. 

Defendant’s argument here is flawed for one simple reason.  While a defendant or the State may move for a continuance, it is the trial judge, not the State, that determines whether that request will be granted or denied.  
People v. Williams
, 92 Ill. 2d 109, 118, 440 N.E.2d 843, 847 (1982); 725 ILCS 5/114-4 (a) (West 2002).   
The trial judge has the discretion to continue a case as he or she deems appropriate.  In deciding whether to grant a continuance, the trial court should take into account the diligence of the parties and whether the continuance serves the ends of justice.  
People v. Norris
, 214 Ill. 2d 92, 104-05, 824 N.E.2d 205, 213 (2005).  Because it is the trial court that has the discretion to grant a continuance, we find no merit in defendant’s argument that the age classification portion of section 5-5-3(c)(8) is subject to manipulation by the State.  Consequently, we find that defendant’s rights to equal protection and due process were not denied.  

Defendant next claims that his case should be remanded to the trial court for proper admonishments in accordance with Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17 2001), R. 605(a), eff. October 1, 2001).  Although the trial court did properly admonish him of his right to appeal his conviction, defendant complains that the admonishment given by the trial court was inadequate because the court never informed defendant that any sentencing issue not included in his written motion to reconsider sentence would be waived.  

Our review of an issue concerning compliance with a supreme court rule is 
de novo
.  
People v. Lloyd
, 338 Ill. App. 3d 379, 384, 788 N.E.2d 1169, 1173 (2003).  

Supreme Court Rule 605(a)(3) requires that, when imposing sentence, 

the trial court admonish defendant as follows: 

"(3) At the time of imposing sentence or modifying the conditions of the sentence, the trial court shall also advise the defendant as follows: 

A. that the right to appeal the judgment of conviction, excluding the sentence imposed or modified, will be preserved only if a notice of appeal is filed in the trial court within thirty (30) days from the date on which sentence is imposed; 

B. that prior to taking an appeal, if the defendant seeks to challenge the correctness of the sentence, or any aspect of the sentencing hearing, the defendant must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence imposed, or consider any challenges to the sentencing hearing, setting forth in the motion all issues or claims of error regarding the sentence imposed or the sentencing hearing; 

C. that any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion shall be deemed waived; and 

D. that in order to preserve the right to appeal following the disposition of the motion to reconsider sentence, or any challenges regarding the sentencing hearing, the defendant must file a notice of appeal in the trial court within 30 days from the entry of the order disposing of the defendant's motion to reconsider sentence or order disposing of any challenges to the sentencing hearing."  Official Reports Advance Sheet No. 21 (October 17, 2001) 

R. 605(a)(3), eff. October 1, 2001. 

Here, the trial court gave defendant the following admonishment after sentencing:

“Mr. Williams, if you feel there were any errors or your rights were

violated in any way and you wish to appeal to the Illinois Appellate Court, in 

        order to do that you must file within 30 days a written notice of appeal.  Also 

if you wish to raise the issue of sentencing here today, you must do something

in addition to that.  You must file a motion for the Court to reconsider the  

sentence.  That must be filed within 30 days also and there would be a hearing 

on that.  If it were denied, then you could raise the sentencing issues with all the 

other trial issues as well.  Also if you need the help of your attorney to assist you

in that process, I would allow your attorney to continue to represent you as well

as to provide you with a free copy of the transcript of the trial and this 

proceeding today.”    

Defendant did not file a motion to reconsider his sentence. 

We agree with defendant that the trial court failed to admonish him about the risk of waiver as required by Rule 605(a).  However, the State argues that even if the trial court omitted a portion of the admonishment, only substantial compliance with Rule 605(a) is required and remand is not necessary unless defendant was denied real justice or was prejudiced by the trial court’s admonishments.  
People v. Garner
, 347 Ill. App. 3d 578, 586 (2004).  

In support of its argument, the State cites 
People v. Williams
, 344 Ill. App. 3d 334, 800 N.E.2d 168 (2003).  In 
Williams
, the defendant argued on appeal that the trial court failed to admonish him of his appeal right pursuant to Supreme Court Rule 605(a) and requested remand for proper admonishments.  This court found that remand was not required because where the defendant did not challenge his sentence on appeal, he could not be denied real justice by the lack of the trial court admonishments regarding the steps required to challenge his sentence on appeal.  
Williams
, 344 Ill. App. 3d at 339, 800 N.E.2d at 172.    “Since defendant raised no challenge to his sentence in this appeal, his ability to raise a sentencing issue on appeal was not compromised or limited by the actions of the trial court.”  
Williams
, 344 Ill. App. 3d at 339, 800 N.E.2d at 172; see also 
Garner
, 347 Ill. App. 3d at 586 (defendant was not denied justice when improperly admonished under Rule 605(a) where defendant was not precluded from raising specific issues on appeal).

Similar to 
Williams
, defendant here does not raise any issues pertaining to his appeal that he wishes to bring, but cannot because the trial court failed to properly admonish him.  While the trial court did admonish defendant of the need to attack his sentence in a posttrial motion, it simply neglected to articulate that issues not raised in that motion would be waived for purposes of appeal.  Defendant does not raise any specific issues before this court that he was precluded from raising as a result of the trial court’s incomplete admonishments.  Consequently, we find that defendant was not denied real justice nor was he prejudiced as a result of the trial court’s incomplete admonishments and remand is unnecessary.  
Williams
, 344 Ill. App. 3d at 339, 800 N.E.2d at 172. 

Based on the foregoing, the judgment of the circuit court is affirmed.  

Affirmed. 

KARNEZIS, P.J., with HOFFMAN and SOUTH, J.J., concurring.

FOOTNOTES
1: Defendant does not dispute the fact that his criminal background makes him 

eligible to be sentenced as a Class X offender pursuant to section 5-5-3(c)(8).