THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARLOS R. HOLMES, Defendant-Appellant.

Third District    No. 3—09—0184

Opinion filed October 15, 2010.

Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellant.

James A. Devine, State's Attorney, of Watseka (Terry A. Mertel and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHMIDT delivered the opinion of the court:

Defendant, Carlos Holmes, appeals his 20-year sentence of imprisonment following a conviction for unlawful delivery of a controlled substance. 720 ILCS 570/401(c)(2) (West 2006). Defendant claims the circuit court of Iroquois County erred when sentencing him as a Class X offender pursuant to the habitual offender provision of section 5—5—3 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—5—3(c)(8) (West 2008)). The issue before us is whether defendant was convicted of his second qualifying offense on the day he pled guilty or on the day he was sentenced. We hold it was the latter. We vacate defendant's sentence and remand for resentencing.

## FACTS

In the State's initial three-count information, count I alleged that defendant unlawfully possessed 15 grams of cocaine with intent to deliver it on October 23, 2007. Count II alleged defendant unlawfully delivered 10 grams of cocaine to a confidential informant on that same day. Count III alleged defendant unlawfully possessed more than 10 grams but less than 30 grams of cannabis.

An indictment containing, in essence, the same allegations superseded the information. Eventually, the State nol-prossed count I and the case proceeded to trial on the remaining counts.

Prior to the State calling its first witness, a discussion took place in open court regarding defendant's possible sentence. The record

indicates that during that discussion, the parties acknowledged defendant had two prior convictions "for Class 2 or greater felonies" and, as such, would be eligible for "a Class X sentencing range" should he be convicted in the instant matter.

At trial, the evidence showed that the State gave informant J.J. prerecorded funds with which to purchase cocaine from defendant. Another informant drove J.J. to defendant's home. J.J. entered the home and returned to the car a few moments later. Police followed J.J. and the other informant from defendant's home and subsequently searched them and their car. Police retrieved 8.8 grams of cocaine from J.J.

Police subsequently obtained a search warrant and executed it on defendant's home. Officers discovered $1,000, $800 of which was the prerecorded funds, a scale, 2.2 grams of cocaine, and 18 to 19 grams of cannabis.

At trial, J.J. testified that she also "set up" John Johnson, also known as "Big John." J.J. testified that she did so on her own accord to get drugs out of Watseka and Iroquois County and not because she was in any trouble.

Defendant testified on his own behalf stating that he did not sell cocaine to J.J. Defendant indicated that J.J. came over to his house the day before the alleged transaction and was left alone in the house while he stood outside the home talking to Big John via telephone. Defendant admitted J.J. gave him $800, but claimed that he was supposed to give that money to Big John. Defendant stated that on the day J.J. delivered the $800 for Big John, she used the bathroom and left without saying anything. Defendant concluded his testimony by admitting that he possessed the cannabis described in count III.

The court found defendant guilty of unlawful delivery of a controlled substance, as well as possession of cannabis. During sentencing, the parties indicated that defendant had a prior conviction for a 2002 burglary charge. The parties also noted that on October 1, 2007, defendant pled guilty to a 2006 charge of delivery of a controlled substance in case No. 06—CF—157. On February 11, 2008, defendant received his sentence of seven years' incarceration for the 2006 delivery of a controlled substance case.

Ultimately, the trial court sentenced defendant to "330 days he has currently served plus costs" for the possession of cannabis conviction. The court also sentenced defendant to a term of 20 years' incarceration for the delivery of a controlled substance charge to run consecutively with his 7-year sentence from the 2006 charge. This appeal followed.

## ANALYSIS

Defendant does not challenge the substance of his conviction for delivery of a controlled substance in this case. Defendant merely claims he was improperly sentenced for committing that offense. Specifically, defendant submits the trial court improperly interpreted and applied the sentencing enhancement contained in section 5—5—3(c)(8) of the Unified Code when sentencing him as a Class X offender to 20 years' incarceration.

Delivery of a controlled substance in violation of section 401(c)(2) of the Illinois Controlled Substances Act is a Class 1 felony. 720 ILCS 570/401(c)(2) (West 2008). This is the statute under which the State prosecuted and convicted defendant. Generally, convictions for non-probationable, Class 1 felonies carry a term of incarceration between 4 and 15 years. 730 ILCS 5/5—8—1(a)(4) (West 2008). However, the trial court found defendant eligible for an enhanced sentence and sentenced defendant to 20 years' incarceration. At that time, and during all relevant times herein, the sentencing enhancement provision of section 5—5—3(c)(8) of the Unified Code read as follows:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." 730 ILCS 5/5—5—3(c)(8) (West 2008).

Defendant acknowledges he had one qualifying conviction prior to committing the current offense: the 2002 burglary conviction. Defendant disputes, however, that two qualifying convictions existed at the time he committed the instant offense. Defendant asserts that the trial court improperly considered his 2006 delivery of a controlled substance case, No. 06—CF—157, as a qualifying conviction sufficient to trigger the Class X sentencing mandate contained in section 5—5—3 of the Unified Code.

In case No. 06—CF—157, the State charged defendant with possession of a controlled substance with intent to deliver. Defendant pled guilty to the charge on October 1, 2007, and committed the instant offense approximately three weeks later on October 23, 2007. On February 11, 2008, the court sentenced defendant to seven years' incarcera-

tion for case No. 06—CF—157. The trial court in the instant matter considered case No. 06—CF—157 as defendant's second qualifying offense.

Defendant argues this was improper. Defendant notes the Unified Code is clear that one must commit the third felony after conviction on the second to trigger the Class X sentencing mandate. Defendant claims one is not "convicted" of a crime until a sentence is imposed and, therefore, his conviction for a second qualifying offense did not occur until after he committed the instant offense. As such, he submits the trial court was without authority to sentence him to under the enhanced provisions of section 5—5—3 of the Unified Code.

Defendant acknowledges that he failed to contemporaneously object to being sentenced as a Class X offender during sentencing and further failed to raise the issue in his motion to reconsider sentence. Nevertheless, defendant submits that he did not forfeit the issue, arguing that the trial court was without authority to sentence him as a Class X offender and, as such, his sentence is void and can be attacked at any time.

Noting defendant failed to object to being sentenced as a Class X offender below and failed to raise the issue in his motion to reconsider sentence, the State responds that defendant has forfeited this issue. The State also takes issue with the assertion that the trial court was without authority to hand down defendant's sentence, claiming that, at best, defendant's sentence is voidable and not void. Finally, the State submits that defendant's interpretation of section 5—5—3 of the Unified Code is flawed and he actually was "convicted" of the second offense prior to committing the act at issue in this matter. Therefore, the State posits that no error occurred at all below and we should affirm defendant's sentence.

## A. Forfeiture and Void Versus Voidable

It is well settled that a defendant must make a contemporaneous objection and file a written postsentencing motion to preserve a claim of sentencing error. *People v. Hillier*, 237 Ill. 2d 539, 931 N.E.2d 1184 (2010). It is equally well settled, however, that "a sentence which does not conform to a statutory requirement is void." *People v. Thompson*, 209 Ill. 2d 19, 24-25, 805 N.E.2d 1200, 1203 (2004); *People v. Pinkonsly*, 207 Ill. 2d 555, 802 N.E.2d 236 (2003); *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445 (1995). "A void order may be attacked at any time or in any court, either directly or collaterally. An argument that an order or judgment is void is not subject to waiver. *** In fact, courts have an independent duty to vacate void orders and may *sua sponte* declare an order void." *Thompson*, 209 Ill. 2d at 27. A judg-

ment is void, as opposed to voidable, only if the court that entered it lacked jurisdiction. *People v. Rodriguez*, 355 Ill. App. 3d 290, 823 N.E.2d 224 (2005). "For instance, where a court lacks jurisdiction [over] the parties or the subject matter, or exceeded its statutory power to act, any resulting judgment is void and may be attacked either directly or indirectly at any time." *People v. Raczkowski*, 359 Ill. App. 3d 494, 497, 834 N.E.2d 596, 599 (2005), citing *People v. Davis*, 156 Ill. 2d 149, 156, 619 N.E.2d 750 (1993). "The jurisdictional failure can be the court's lack of (1) personal jurisdiction or (2) subject matter jurisdiction, but it can also be (3) that the court lacked the power to render the particular judgment or sentence." *People v. Rodriquez*, 355 Ill. App. 3d 290, 296 (2005).

The defendant herein argues that the court lacked the power to render his particular sentence. We must address defendant's claim that his sentence is void.

### B. Statutory Authority for Defendant's Sentence

The issue of the trial court's statutory authority to issue an extended-term sentence in this matter turns on what constitutes a "conviction" under section 5—5—3(c)(8) of the Unified Code sufficient to trigger the enhanced sentencing option of that section. The interpretation of a statute is a question of law we review *de novo*. *People v. Woods*, 193 Ill. 2d 483, 739 N.E.2d 493 (2000).

Again, defendant contends that although he pled guilty to the second "qualifying" offense before committing the instant offense, no "conviction" for the second qualifying offense existed until he was later sentenced for that offense. The State disagrees and contends that for purposes of the enhanced sentencing provision of section 5—5—3(c)(8), defendant was "convicted" of the second qualifying offense on the day he pled guilty. Citing to *People v. Baaree*, 315 Ill. App. 3d 1049, 735 N.E.2d 720 (2000), *People v. Masten*, 219 Ill. App. 3d 172, 579 N.E.2d 27 (1991), and *People v. Medrano*, 282 Ill. App. 3d 887, 669 N.E.2d 114 (1996), the State contends that one is convicted for purposes of section 5—5—3(c)(8), when "he is adjudicated guilty [*Baaree*], when he pleads guilty but has not been sentenced [*Masten*], or when he has been found guilty by a legally constituted jury or by a court without a jury [*Medrano*]."

In *Baaree*, the trial court entered a finding of guilty four days before defendant turned 21 and sentenced him after he turned 21 as a Class X offender pursuant to section 5—5—3(c)(8). *Baaree*, 315 Ill. App. 3d at 1050. The *Baaree* defendant argued section 5—5—3(c)(8) did not apply to him as it only applied to one who is "over the age of 21 years" at the time of his "conviction." 730 ILCS 5/5—5—3(c)(8)

(West 1998); *Baaree,* 315 Ill. App. 3d at 1050. The *Baaree* court noted that if it found defendant's date of "conviction" to be the date the trial court found him guilty, then section 5—5—3(c)(8)'s Class X sentencing mandate would not apply as defendant had not yet turned 21. *Baaree,* 315 Ill. App. 3d at 1051. The *Baaree* court continued that if, however, defendant was not "convicted" until the trial court handed down his sentence, then his Class X sentencing was proper as defendant was sentenced after his twenty-first birthday. *Baaree,* 315 Ill. App. 3d at 1051.

The State is correct that the *Baaree* court ultimately found that "defendant was convicted for purposes of section 5—5—3(c)(8) when he was adjudicated guilty by the trial court." *Baaree,* 315 Ill. App. 3d at 1053. However, the State ignores the reasoning applied by the *Baaree* court. The *Baaree* court found "the term 'convicted,' as used in section 5—5—3(c)(8), to be ambiguous in the context of this case." *Baaree,* 315 Ill. App. 3d at 1052. Strong arguments existed, the *Baaree* court noted, supporting both defendant's position that the date of defendant's conviction was on the date he was found guilty and the State's position that he was not found guilty until the trial court handed down his sentence. *Baaree,* 315 Ill. App. 3d at 1052.

The court then stated that "the context in which the term is used in the statute does not favor one meaning over the other." *Baaree,* 315 Ill. App. 3d at 1052. As such, the court found the term ambiguous and then cited the well-settled tenets that criminal "or penal statutes are to be strictly construed in favor of an accused" and where "a statute creating or increasing a penalty or punishment is capable of two constructions, the construction favoring the accused is to be adopted." *Baaree,* 315 Ill. App 3d at 1052-53, citing *People ex rel. Gibson v. Cannon,* 65 Ill. 2d 366, 357 N.E.2d 1180 (1976). These principles led the *Baaree* court to conclude that defendant's "conviction" occurred when he pled guilty as that finding favored the accused. *Baaree,* 315 Ill. App. 3d at 1053. To the extent *Baaree* is applicable to the facts before us, we decline to follow it.

Moreover, we are not convinced that *Masten* or *Medrano* adequately supports the State's contention. The *Masten* court analyzed what constituted a conviction under the Illinois Vehicle Code and, while it did reference the term "conviction" as defined by section 5—1—5 of the Unified Code, it in no way implicated section 5—5—3(c)(8) of the Unified Code. *Masten,* 219 Ill. App. 3d at 175. Similarly, no section 5—5—3(c)(8) issue arose in *Medrano* as the court only considered what constituted a "conviction" for purposes of the one-act, one-crime principle announced in *People v. King,* 66 Ill. 2d 551, 363 N.E.2d 838 (1977). *Medrano,* 282 Ill. App. 3d at 890. We

acknowledge that both the *Masten* and *Medrano* courts found that a "conviction" existed without a sentence being imposed against the respective defendants but we find, for the reasons stated above, those cases to be significantly different from the instant case and, as such, they provide little guidance. We feel supreme court decisions and statutory language mandate a different definition of conviction than the one given in the appellate decisions cited by the State.

We hold that defendant's plea of guilty in case No. 06—CF—157 does not qualify as a "conviction" as contemplated by section 5—5—3(c)(8). Therefore, the Class X sentencing mandate contained in that section was not triggered and the trial court lacked authority to sentence him as a Class X offender. Our supreme court's decisions "make[ ] clear that the date of a conviction is the date of entry of the sentencing order." *People v. Lemons*, 191 Ill. 2d 155, 160, 729 N.E.2d 489, 492 (2000), citing *People v. Robinson*, 89 Ill. 2d 469, 433 N.E.2d 674 (1982).

Our holding is further mandated by relevant statutory language. Reading the entire statute, we, unlike the *Baaree* court, find no ambiguity. Section 5—1—5 of the Unified Code defines "conviction" as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." 730 ILCS 5/5—1—5 (West 1996). It is undisputed that no "sentence entered upon" defendant's plea of guilty in defendant's case No. 06—CF—157 existed until after defendant committed the instant offense. As such, defendant's plea in case No. 06—CF—157 could only satisfy section 5—1—5's definition of "conviction" if it equated to a "judgment" of conviction. It did not.

The legislature defined "judgment" as follows: " 'Judgment' means an adjudication by the court that the defendant is guilty or not guilty, and *if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court*." (Emphasis added.) 730 ILCS 5/5—1—12 (West 2008). Even if one views defendant's plea as an adjudication by the court that defendant is guilty, that adjudication does not meet the statutory definition of a "judgment" until "sentence [is] pronounced by the court." 730 ILCS 5/5—1—12 (West 2008).

Both supreme court case law (*Lemons*, 191 Ill. 2d at 159-60; *Robinson*, 89 Ill. 2d at 476-77) and the statutory definition of "conviction" (730 ILCS 5/5—1—5, 5—1—12 (West 2008)) lead us to the conclusion that defendant's conviction in case No. 06—CF—157 occurred on February 11, 2008, the date of sentencing. Defendant committed the instant offense on October 23, 2007. As such, we hold the trial court erred in finding that defendant's "third felony was committed after

conviction on the second" as specified in section 5—5—3(c)(8) of the Unified Code. 730 ILCS 5/5—5—3(c)(8) (West 2008).

For defendant to be eligible for a Class X sentence, the Unified Code requires that he be convicted of two qualifying offenses before committing the instant offense. 730 ILCS 5/5—5—3(c)(8) (West 2008). Defendant did not have two qualifying convictions prior to committing the instant offense. The trial court was, therefore, without statutory authority to sentence defendant as a Class X offender for unlawful delivery of a controlled substance. "A sentence which does not conform to a statutory requirement is void." *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 449 (1995). Accordingly, we vacate defendant's sentence for unlawful delivery of a controlled substance and remand to the circuit court of Iroquois County for resentencing.

## CONCLUSION

For the foregoing reasons, defendant's sentence for unlawful delivery of a controlled substance is vacated and this cause is remanded for resentencing.

Vacated and remanded.

O'BRIEN and WRIGHT, JJ., concur.