# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Cortez*, 2012 IL App (1st) 102184

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSE CORTEZ, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-2184 |
| Filed | June 29, 2012 |
| Rehearing denied | July 31, 2012 |
| Modified upon denial of rehearing | August 10, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The agreed-upon sentence, including custody credit, imposed on an already incarcerated defendant pursuant to his negotiated guilty after he committed a new offense was legally impermissible and therefore void; consequently, the dismissal of his petition under section 2-1401 of the Code of Civil Procedure was reversed and defendant, if he so chose, would be allowed to withdraw his plea and proceed to trial, even though the petition was filed 11 years after he entered his plea. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 98-CR-171791; the Hon. Nicholas R. Ford, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on Appeal

Michael J. Pelletier, Alan D. Goldberg, and Manuel S. Serritos, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Miles J. Keleher, and Sheilah O'Grady-Krajniak, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE PALMER delivered the judgment of the court, with opinion.

Justice Lampkin concurred in the judgment and opinion.

Justice Garcia dissented, with opinion.

**OPINION**

¶ 1    Defendant Jesse Cortez appeals from the dismissal of his *pro se* petition for relief from judgment under section 2-1401(f) of the Code of Civil Procedure (Code). 735 ILCS 5/2-1401(f) (West 2010). On appeal, he contends that his negotiated guilty plea is void because the agreed-upon sentence was legally impermissible. Based on the following, we reverse the dismissal of defendant's *pro se* petition for relief from judgment and remand the case to the trial court to allow defendant to withdraw his guilty plea and proceed to trial, if he so chooses.

¶ 2                          BACKGROUND

¶ 3    The record shows that on May 17, 1998, defendant was serving a 35-year prison sentence for an unrelated crime (No. 92 CR 8378). On that date, he and another inmate, who is not a party to this appeal, punched a peace officer with the Cook County sheriff's department in the mouth and body. Defendant was subsequently charged with aggravated battery.

¶ 4    At a hearing held on May 4, 1999, defense counsel stated, and defendant confirmed, that "[defendant was] seeking leave of court to change his plea from not guilty to guilty. He understands he'll serve a sentence of two years Illinois Department of Corrections [IDOC] with credit for 353 days *** actually served in custody." After accepting the plea, the court sentenced defendant to 2 years' imprisonment and ordered the sentence to run consecutively with his 35-year sentence in case number 92 CR 8378. The mittimus indicates that the trial court awarded defendant 353 days' credit. Defendant did not file a motion to withdraw his guilty plea and vacate the judgment or otherwise attempt to perfect an appeal from it.

¶ 5    On April 19, 2010, almost 11 years after the entry of his guilty plea, defendant filed a *pro se* petition for relief under section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2010)), seeking enforcement of his plea bargain. Defendant claimed that he was forced to serve a more onerous sentence than the one he agreed to because the IDOC declared that he could not receive the 353 days of credit awarded to him by the trial court. Defendant

repeatedly stated that he was not challenging the validity of the guilty plea or seeking to withdraw his plea.

¶ 6     On June 25, 2010, the circuit court *sua sponte* dismissed defendant's petition. This appeal followed.

¶ 7     On appeal, defendant abandons the issues raised in his petition and contends for the first time that because the agreed-upon sentence, which included 353 days of custody credit, was legally impermissible, the negotiated plea is void under *People v. White*, 2011 IL 109616. We agree with defendant.

¶ 8                                    ANALYSIS

¶ 9     Although defendant did not raise this issue in his section 2-1401 petition, a void sentence may be attacked at any time. *People v. Hillier*, 237 Ill. 2d 539, 546 (2010); *People v. Holmes*, 405 Ill. App. 3d 179, 183 (2010). Whether a sentence is void is a question of law subject to *de novo* review. *People v. Hauschild*, 226 Ill. 2d 63, 72 (2007).

¶ 10    Aggravated battery of a peace officer is a Class 3 felony punishable by two to five years' imprisonment. 720 ILCS 5/12-4(b)(6), (e) (West 1998); 730 ILCS 5/5-8-1(a)(6) (West 1998).

¶ 11    Here, the record shows that defendant pled guilty pursuant to a plea agreement by which he was promised a 353-day sentencing credit when he pleaded guilty. Defense counsel specifically stated at the hearing that, "[defendant] understands he'll serve a sentence of two years Illinois Department of Corrections with credit for 353 days." In accordance with those terms, the mittimus shows that the trial court awarded defendant 353 days of sentencing credit, despite the fact that the court ordered defendant's sentence to run consecutively to his previous conviction in case number 92 CR 8378. We observe, and both parties agree, that the trial court improperly awarded defendant this sentencing credit where the 353 days were spent in custody on the sentence for his prior conviction. See *People v. Latona*, 184 Ill. 2d 260, 271 (1998) ("to the extent that an offender sentenced to consecutive sentences had been incarcerated prior thereto on more than one offense simultaneously, he should be given credit only once for actual days served"). Based on *Latona*, the court could not, as a matter of law, award defendant 353 days of credit as a part of his plea agreement.

¶ 12    The supreme court in *White*, 2011 IL 109616, addressed arguments similar to those raised here. The factual basis in *White* alleged that the defendant was accountable for a murder, which was committed by shooting the victim with a gun. *Id*. ¶¶ 4-6. Although the 15-year mandatory firearm enhancement meant that the defendant was eligible for a 35- to 75-year sentence, he only received 28 years' imprisonment. *Id*. ¶ 9. The supreme court held that when the factual basis for a guilty plea makes it clear that a defendant is subject to a mandatory sentencing enhancement, the trial court may not enter a judgment imposing a sentence that does not include such enhancement on the basis that the parties excluded it in the plea agreement. *Id*. ¶¶ 26-29. The supreme court stated that a trial court exceeds its authority when it orders a lesser or greater sentence than that which the statute mandates. *Id*. ¶ 20. Therefore, the supreme court held that the guilty plea entered into by the defendant was void and remanded the cause to the trial court with directions to withdraw the plea. *Id*. ¶ 31.

¶ 13    Here, the record shows that defendant was sentenced to 2 years' imprisonment with credit

-3-

for 353 days in custody. However, the 353 days' custody credit was impermissible where he was already serving an imposed sentence on an earlier conviction. *Latona*, 184 Ill. 2d 260 at 271. This promised credit time was nearly half of the imposed sentence, but Illinois law made this sentencing condition unattainable. As in *White*, defendant's negotiated sentence "did not conform to the statutory requirements and, therefore, is void." *White*, 2011 IL 109616, ¶ 21.

¶ 14     The State recognizes the holding of *White* but contends that it is distinguishable because, unlike *White*, defendant in this case is appealing the trial court's dismissal of his section 2-1401 petition, he waited to challenge the validity of his plea until almost 11 years after the final judgment was entered, and the sentence imposed was not in conflict with statutory guidelines. However, as discussed above, the fact that defendant challenged his plea in a section 2-1401 petition several years after the final judgment was entered is of no consequence where defendant is challenging his plea as void. Despite the State's contentions to the contrary, both defendant here and the defendant in *White* received sentences that conflicted with statutory guidelines.

¶ 15     The State also contends that *White* announced a new rule of law which does not have retroactive application to defendant. We disagree. In *Teague v. Lane*, 489 U.S. 288, 311-13 (1989), the Supreme Court held that a new constitutional rule of criminal procedure cannot be applied to cases on collateral review unless the rule complies with one of two exceptions. However, prior to assessing whether one of the exceptions applies, a court must determine whether the rule is actually new. In recognizing the difficulty with first determining whether a new rule is announced, the Supreme Court advised "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. [Citations.] To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." (Emphasis in original.) *Id.* at 301.

¶ 16     The central holding in *White* was that a sentence not authorized by statute is void. This rule of law has been consistently applied since *People v. Arna*, 168 Ill. 2d 107 (1995). See, *e.g.*, *People v. Jackson*, 2011 IL 110615, ¶ 10; *People v. Marshall*, 242 Ill. 2d 285, 302 (2011); *People v. Bishop*, 218 Ill. 2d 232, 254 (2006); *People v. Thompson*, 209 Ill. 2d 19, 25 (2004); *People v. Pinkonsly*, 207 Ill. 2d 555, 569 (2003). Contrary to the State's argument, the supreme court's holding in *White* did not create a new rule by eliminating the prosecution's discretion in seeking to include the firearm enhancement. Rather, in *White* the supreme court explained that when the facts underlying a plea agreement trigger the firearm enhancement statute, the minimum permissible sentence must include the term of the add-on despite any negotiations to the contrary. The prosecution still retains discretion whether to seek the enhancement when it decides how to charge the defendant and what facts to submit to support the plea agreement.[1] *White*, 2011 IL 109616, ¶ 25.

---

[1]The dissent and the appellant on rehearing contend that our decision here today is contrary to the recent holding of our court in *People v. Avery*, 2012 IL App (1st) 110298. We respectfully disagree. In *Avery*, this court held that the Illinois Supreme Court's decision in *White* announced a

¶ 17    The State also advances an estoppel argument, which we find unpersuasive because we have consistently held that "[a] challenge to an alleged void order is not subject to forfeiture." *Marshall*, 242 Ill. 2d at 302. The State argues, however, that defendant received the benefit of his bargain in that he received the minimum possible sentence. We find this argument disingenuous where the State fails to explain how defendant received the benefit of his bargain where Illinois law prohibits fulfillment of the sentencing condition of double custody credit and, therefore, defendant most certainly will not receive the promised custody credit time (353 days).

¶ 18    We also disagree with the State that the appropriate remedy where a sentence is found to be void is to remand the cause for resentencing. In this case, as in *White*, it is not just a portion of the sentence that is void but the entire plea agreement.

> "Our supreme court has declared that plea agreements, and in particular agreements for fully negotiated pleas where the parties have agreed on the appropriate sentence, are generally governed by contract law. *People v. Absher*, 242 Ill. 2d 77, 90 (2011); *People v. Smith*, 406 Ill. App. 3d 879, 888-89 (2010). A plea agreement is between the State and the defendant, and the circuit court is not a party to the agreement. *Smith*, 406 Ill. App. 3d at 488-89. A defendant does not have an absolute right to withdraw his guilty plea and thus bears the burden of showing why withdrawal is necessary. *Smith*, 406 Ill. App. 3d at 885. While an illegal contract is generally void *ab initio*, a plea agreement is void when an essential part of the agreed exchange is unenforceable or illegal under the relevant statutes. *People v. Gregory*, 379 Ill. App. 3d 414, 419-20 (2008). Whether a void term or aspect of the sentence was essential is determined by its relative importance in light of the entire agreement. *Gregory*, 379 Ill. App. 3d at 420." *People v. Donelson*, 2011 IL App (1st) 092594, ¶ 14, *appeal allowed*, No. 113603 (Mar. 28, 2012).

¶ 19    We consider one of the essential terms of the plea agreement here to be that defendant would receive credit for 353 days' time spent in custody against the sentence of 2 years in the IDOC. Essentially, the award of 353 days' time credit meant that defendant would have no additional time in custody as a result of this conviction. We find that as the trial court did not have the authority to award credit on the consecutive sentence, the plea agreement was an illegal contract with regard to an essential term and therefore is void.[2] We conclude that

---

new rule of law and thus should not be given retroactive effect. *Avery*, 2012 IL App (1st) 110298, ¶¶ 37-39. In *Avery*, this court found that the "new rule" of *White* was that "the first degree murder firearm enhancement is automatically triggered when it is part of the factual basis for the underlying offense, regardless of whether the State seeks to pursue it as an aggravating factor." *Avery*, 2012 IL App (1st) 110298, ¶ 40. Our opinion today does not concern the first degree murder firearm enhancement and relies on *White* only for the well-established general principles concerning void sentences and void plea agreements discussed *infra* at ¶¶ 16 and 18.

[2]We are not concerned that our decision herein would affect the many occasions that we are called upon to correct a mittimus due to an inaccurate calculation of time credit. Those instances involve a mistake in calculating the amount of time spent in custody whereas here we are faced with a contractual promise made to a defendant which cannot be fulfilled.

the appropriate remedy does not allow us to keep defendant's plea intact and remand for resentencing where, as here, an essential part of the plea was illegal. *Gregory*, 379 Ill. App. 3d at 419-22 (citing *People v. Hare*, 315 Ill. App. 3d 606, 609-11 (2000)); *People v. Johnson*, 338 Ill. App. 3d 213, 216 (2003); *People v. Caban*, 318 Ill. App. 3d 1082, 1087-89 (2001). We see no need to divert from the supreme court's decision in *White* where the cause was remanded to the trial court for the withdrawal of the defendant's guilty plea, if defendant chooses. *White*, 2011 IL 109616, ¶ 31.

¶ 20    The State's reliance on *People v. Whitfield*, 217 Ill. 2d 177 (2005), as support is unavailing because in *Whitfield*, the defendant's sentence was not void. *Whitfield*, 217 Ill. 2d at 205. Here, there is no argument that defendant's plea was involuntary or a violation of his due process rights as not providing the benefit of his bargain. On the contrary, the argument is that defendant's sentence was void and, therefore, his negotiated sentence was illegal. *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552 (2002), is equally inapplicable where the source of voidness in the defendant's sentence was the failure to apply the truth-in-sentencing statute. In *Roe*, the supreme court exercised its supervisory authority to award a writ of *mandamus* finding an equitable solution uncontested by the State in order to provide the defendant with the benefit of his original bargain. *Roe*, 201 Ill. 2d at 557-58.

¶ 21    In response to the State's argument that allowing defendant to withdraw his guilty plea and potentially proceed to trial could cause prejudice to the State after so much time has elapsed since the plea was entered, we return to the distinguishing factors between those cases cited by the State where the plea at issue violated the defendants' due process rights because the defendants were not admonished regarding mandatory supervised release (see *Whitfield*, 217 Ill. 2d at 180; *Smith*, 406 Ill. App. 3d at 893-94), and the instant plea, which is unquestionably void. The State does not cite to any cases instructing this court to consider the potential prejudice to the State if defendant decided to seek a trial upon remand following the withdrawal of his void plea.

¶ 22                                    CONCLUSION

¶ 23    As the trial court's imposition of a 2-year prison term with 353 days' custody credit is void, we reverse the trial court's dismissal of defendant's section 2-1401 petition and remand this case to the trial court with instructions to allow defendant to withdraw his guilty plea and proceed to trial, if he so chooses.

¶ 24    Reversed and remanded with directions.

¶ 25    JUSTICE GARCIA, dissenting.

¶ 26    I have several fundamental disagreements with the majority.

¶ 27    First, I question the remand to permit the defendant to withdraw his guilty plea and proceed to trial, "if he so chooses." *Supra* ¶ 1. As the majority implicitly acknowledges in its discussion of the defendant's *pro se* petition, it is not clear that the defendant truly desires to withdraw his guilty plea that resulted in the minimum statutory sentence for aggravated

battery in 1999, though that is the request of his appellate counsel. In light of this uncertainty, before we decide whether the sentence is void, we should remand this matter for a hearing on the defendant's section 2-1401 petition in which he expressly declared that he was not seeking to withdraw his plea of guilty. See *People v. Burrows*, 172 Ill. 2d 169, 181 (1996) (circuit court held an evidentiary hearing on the defendant's section 2-1401 petition to determine whether he was entitled to a new trial after which it granted relief, which the supreme court affirmed).

¶ 28    Second, I disagree that the trial judge, when he awarded the defendant 353 days' credit for time in custody on his plea of guilty to aggravated battery, exceeded his statutory authority so as to void the 2-year sentence he imposed, a sentence that conformed with statutory guidelines for a Class 3 felony. The sentencing order informed the defendant that his 2-year sentence would be served consecutive to the 35-year sentence he was serving for murder, which placed the defendant on notice that his credit for time in custody following his aggravated battery arrest would apply only to one conviction. Given that the defendant is entitled to credit on only one sentence, we could theoretically order the Illinois Department of Corrections (IDOC) to give the defendant 353 days' credit against his 2-year sentence for aggravated battery, to avoid having to decide whether the trial court exceeded its authority under the circumstances in this case. But that is not what the defendant wants. The defendant wants those 353 days credited against both his murder sentence and his aggravated battery sentence, which we all agree is legally untenable under *People v. Latona*, 184 Ill. 2d 260 (1998).

¶ 29    Third, I disagree that *People v. White*, 2011 IL 109616, stands as clear authority to declare void the defendant's lawful 2-year sentence for aggravated battery based on the erroneous award of 353 days for time in custody, which the IDOC informed the defendant he would not receive against his aggravated battery sentence because those same 353 days were credited against his murder sentence. (It bears noting that under the majority's analysis, even one day's credit against the defendant's aggravated battery sentence voids his sentence.) However, the legal issue before us is not whether the credit was erroneously awarded, but whether the erroneous credit for time in custody voided the defendant's plea agreement, an issue never addressed in *White*. In *White*, the defendant filed a timely motion to vacate his guilty plea in which he argued that "he did not understand the implication of pleading guilty" and that he was not properly admonished, suggesting the defendant's principal contention was that his plea of guilty under those circumstances was involuntary. *Id.* ¶ 9. The instant case does not involve a direct appeal; nor did the defendant below ever contend he did not understand the implications of pleading guilty. Also in *White*, the sentence of 28 years imposed on the defendant was itself illegal as below the statutory minimum of 35 years based on the use of a firearm (*id.* ¶ 29); no one contends that the 2-year sentence imposed in this case was illegal. As Justice Theis made clear in her special concurrence in *White*, the State is free "to negotiate around the mandatory sentence enhancement *** [by] amending the indictment and presenting a factual basis that referred to a dangerous weapon, rather than a firearm." *Id.* ¶ 41 (Theis, J., specially concurring). In the instant case, there was no manner available to either party to lawfully credit the defendant for the days he was serving on his murder sentence against his aggravated battery sentence as well. The application of *White* to

the instant case is also challenged by a very recent decision of another division of this court that held *White* established a new rule, which renders *White* inapplicable to cases on collateral review, such as the case before us. *People v. Avery*, 2012 IL App (1st) 110298, ¶ 39.[3]

¶ 30    Finally, only if the 353 days' credit for time in custody awarded to the defendant on his aggravated battery is an essential part of his sentence to render it illegal does that "illegality void[ ] the entire [plea] agreement and not merely the sentence." (Internal quotation marks omitted.) *People v. Gregory*, 379 Ill. App. 3d 414, 419 (2008). To determine whether the plea agreement is void, we look to whether "the infirmity affected an essential part of the plea agreement." *Id.* "Whether a term is essential depends on the relative importance [of the voided term] in the light of the entire agreement between the parties." (Internal quotation marks omitted.) *Id.* at 420. Where a "large change" is needed to the plea agreement to bring it into compliance with the mandates of the controlling statute, the entire agreement is void. (Internal quotation marks omitted.) *Id.* The credit erroneously awarded to the defendant on his aggravated battery sentence, rather than to his murder sentence, is not such a "large change" to render the entire agreement void. See *People v. Montiel*, 365 Ill. App. 3d 601, 606 (2006) (while failure to impose the minimum statutory fine rendered a term of the defendant's sentence void, the change in the sentence to add the statutory fine did not void the entire plea agreement); *People v. McNett*, 361 Ill. App. 3d 444, 448 (2005) ("a minor correction in a sentence[, such as cutting six months of periodic imprisonment from the defendant's sentence,] should not be the undoing of what was otherwise a sound plea agreement"). To repeat, the defendant does not contend his plea of guilty was involuntary based on the custody credit wrongfully awarded against his aggravated battery sentence. See *McNett*, 361 Ill. App. 3d at 448 ("Obviously, the withdrawal of some sentencing concession may make a plea involuntary, but that is not at issue here." (Emphasis omitted.)). As the *McNett* court noted in voiding only a term of the sentence, and not the entire sentence, "we think it is important to note that nothing the State could have done, including going to trial, could have given it the result it intended." *Id.* at 449. Likewise here, the defendant could never have received credit for time in custody against both his aggravated battery sentence and his murder sentence, as he urged in his section 2-1401 petition.

¶ 31    I dissent from the majority's holding that an erroneous credit for time in custody on the statutorily proper, minimum sentence of two years for aggravated battery renders his entire sentence void, a conclusion that also voids his plea agreement.

---

[3]I disagree with the majority that *Avery* can be so easily dismissed as addressing a charge different than the one at issue here. *Supra* n.1. Either *White* announced a new rule of law, or it did not. There exists no authority for the majority's implicit contention that the rule of law established in *White* is "new" only in the context of *Avery*.