THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
LINDA J. PETTIGREW, Defendant-Appellee.

Fourth District   No. 4—90—0866

Opinion filed June 26, 1991.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Linda Pettigrew was indicted on two counts of prostitution. (Ill. Rev. Stat. 1989, ch. 38, par. 11—14(a).) The indictments alleged that on May 11, 1990, defendant committed the offense of prostitution by knowingly offering and agreeing to perform an act of sexual penetration with Jeffrey Munds for the sum of $40. Prior to trial, defendant made a motion to dismiss the indictments alleging they failed to state an offense. The trial court granted defendant's motion, finding the State was required to allege the acts of sexual penetration were for the purpose of sexual arousal or gratification. The State appeals the dismissal of the indictments. We reverse the trial court.

The current prostitution statute has been in effect since January 1, 1986 (see Ill. Rev. Stat. 1985, ch. 38, par. 11—14(a)), and reads as follows:

> "Any person who performs, offers or agrees to perform any act of sexual penetration as defined in Section 12—12 of this Code for money, or any touching or fondling of the sex organs of one person by another person, for money or anything of value, for the purpose of sexual arousal or gratification commits an act of prostitution." (Ill. Rev. Stat. 1989, ch. 38, par. 11—14(a).)

Section 12—12 of the Criminal Code of 1961 defines sexual penetration as:

> "[A]ny contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration. Evidence of emission of semen is not required to prove sexual penetration." (Ill. Rev. Stat. 1989, ch. 38, par. 12—12(f).)

In 1984, the prostitution statute read:

"Any person who performs, offers or agrees to perform any act of sexual penetration as defined in Section 12—12 of this Code for money commits an act of prostitution." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 11—14(a).

Under the 1984 statute, only the act of sexual penetration for money constituted prostitution. The statute did not include the terminology "for the purpose of sexual arousal or gratification." This language was never included in the offense until prostitution was enlarged to include any touching or fondling of the sex organs of one person by another person. From the House and Senate debates, the prostitution statute was amended in 1985 to *enlarge* the offense of prostitution to include conduct allegedly occurring at that time in health spas and not to alter the already existing offense of sexual penetration for money. 84th Ill. Gen. Assem., Senate Proceedings, May 23, 1985, at 127-33; June 27, 1985, at 94-95.

Moreover, it is a basic canon of statutory construction that relative or qualifying words, phrases, or clauses are to be applied to words or phrases immediately preceding, and not as extending to or including other words, phrases or clauses more remote, unless the intent of the legislature and a reading of the entire statute require such an extension or inclusion. (*People v. Thomas* (1970), 45 Ill. 2d 68, 256 N.E.2d 794.) Here, the phrase concerning arousal or gratification follows the phrase "touching or fondling of the sex organs of one person by another." It qualifies this latter phrase and does not apply to the earlier phrase regarding sexual penetration.

Contrary to defendant's assertions, this reading of the statute does not result in the prosecution of medical personnel who may perform an act of penetration during the course of a medical examination. A simple reading of the statute provides that the prosecutable offense is any act of sexual penetration done for money. In a medical examination, any money or value given is for the purpose of treatment and not for the purpose of penetration.

Reversed and remanded.

GREEN and STEIGMANN, JJ., concur.