THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EARL T. STORMS, Defendant-Appellant.

Second District   No. 2—90—0100

Opinion filed December 29, 1993.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, and Joseph Michael Williams, of St. Charles, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

The defendant, Earl T. Storms, was sentenced as a Class X offender (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8) (now 730 ILCS 5/5—5—3(c)(8) (West 1992))) to a term of 19 years' imprisonment and 3 years of mandatory supervised released on his conviction of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3 (now 720 ILCS 5/19—3 (West 1992))). The defendant filed an appeal contesting both his conviction and sentence. In *People v. Storms* (1992), 225 Ill. App. 3d 558, we affirmed the defendant's conviction, but remanded the cause to the trial court for a new sentencing hearing before a different judge. Our supreme court granted the State's petition for leave to appeal. In *People v. Storms* (1993), 155 Ill. 2d 498, 502, our decision to remand the cause for a new sentencing hearing before a different judge was reversed, and the cause was remanded to our court to consider the issues raised by the defendant concerning his sentence in his initial appeal. In this appeal after remand, we consider whether (1) the trial court abused its discretion in sentencing defendant as a Class X offender; (2) the trial court failed to consider factors in mitigation; and (3) the defendant's sentence was excessive. For the following reasons, we affirm the sentence imposed by the trial court.

■ The defendant in this case was convicted by a jury of the crime of residential burglary, which is a Class 1 felony. (Ill. Rev. Stat. 1989, ch. 38, par. 19—3(b) (now 720 ILCS 5/19—3(b) (West 1992)).) The facts surrounding the defendant's conviction and our affirmance of that conviction are reported in *People v. Storms* (1992), 225 Ill. App. 3d 558. The Unified Code of Corrections specifies that residential burglary carries a mandatory sentence ranging from 4 to 15 years' imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(4) (now 730 ILCS 5/5—9—1(a)(4)).) However, the defendant was sentenced to a term of 19 years' imprisonment with 3 years of mandatory supervised release under the Class X enhancement provision of the Unified Code of Corrections. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8) (now 730 ILCS 5/5—5—3(c)(8) (West 1992)).) On appeal, the defendant contends that the trial court abused its discretion in sentencing him as a Class X offender.

The Unified Code of Corrections allows a court to enhance a defendant's sentence by treating the offense as a Class X felony in the following situation:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8) (now 730 ILCS 5/5—5—3(c)(8) (West 1992)).)

The defendant does not dispute his prior convictions or the dates the offenses were committed. Under the defendant's reading of the statute, the enhancement provisions only apply when a defendant was over the age of 21 at the time he committed the prior felonies. Since the defendant was under the age of 21 when he was convicted of one of the prior felonies, he contends that he cannot be sentenced as a Class X offender.

The defendant finds support for his proposition in the doctrine of *ejusdem generis*. The doctrine provides that where a clause specifically describes classes of persons or things and then uses general language, the general language is limited to the classes similar to those specifically described. (*Douglas Transit, Inc. v. Illinois Commerce Comm'n* (1987), 164 Ill. App. 3d 245, 251.) Since the phrase "over the age of 21 years" defines and qualifies "defendant," the defendant suggests that a consistent reading of the statute requires a defendant to be over the age of 21 at the time the prior felonies were committed.

We agree with the defendant's suggestion that the application of the statute to "a defendant" is qualified by the phrase "over the age of 21 years." Further, the "last antecedent rule" of statutory construction requires that relative or qualifying words, phrases, or clauses are to be applied to the words immediately preceding, and do not modify words, phrases, or clauses which are more remote. (*People v. Pettigrew* (1991), 215 Ill. App. 3d 393, 395; *Board of Education of Rockford School District No. 205 v. Regional Board of School Trustees* (1985), 135 Ill. App. 3d 486, 492.) Applying this rule to the language of the enhancement provisions, the phrase "over the age of 21 years" modifies "defendant." Thus, the "defendant" in the *instant* case must be over the age of 21 years. The age limitation does not apply to more remote terms concerning

prior convictions. Thus, the age of the defendant at the time the prior felonies were committed is irrelevant.

Further, when interpreting a statute, the court may consider the reason and necessity for the law, the evils sought to be remedied, and the purposes to be achieved. (*People v. Frieberg* (1992), 147 Ill. 2d 326, 345.) The enhancement provision presumes that persons under the age of 21 have great rehabilitative potential since a sentence will not be increased until after a defendant reaches age 21. Our interpretation is consistent with the goal of prescribing a sentence that is proportionate to the seriousness of the offense with regard to the presumption that minors should be rehabilitated. (Ill. Rev. Stat. 1989, ch. 38, par. 1001—1—2 (now 730 ILCS 5/1—1—2 (West 1992)).) For these reasons, we determine that the sentencing judge did not abuse his discretion in sentencing the defendant as a Class X offender.

■ The defendant next contends that his sentence should be vacated or reduced because the court failed to consider all of the mitigating factors. In sentencing the defendant, the court stated as follows:

"I've considered the evidence at the trial, the presentence investigation, the evidence, which there hasn't been any evidence, but the arguments in aggravation and mitigation and the defendant's statement that he wrote to me, also his alcohol influence report, the victim impact statement, and the statutory factors in aggravation and mitigation.

I agree as far as mitigation goes, that the mitigating factors are that no one was injured, no one was home at the time and no one has been injured by his criminal history; however, it's a very significant criminal history. He's been on probation twice. He's been to the Department of Corrections twice. I think the last offense was committed after he was out only three months and was obviously still on parole.

Attempts to help him through probation and incarceration have not seemed to deter his behavior any. I realize that he feels his problems are alcohol and drug related and that is probably a serious factor to what he's been doing, but he's had so many contacts with the system before and none of these contacts have seemed to help him any. As soon as he gets out of the penitentiary he's back in somebody's house.

Based on everything that I've considered in this case, I think [the State] is correct that it's a Class X, given his prior background, and I sentence the defendant to 19 years in the

Department of Corrections. You'll also have three years mandatory supervised release after you're released from the penitentiary."

The defendant contends that the court deprecated the mitigating factors by suggesting that nobody was harmed by his criminal conduct solely because nobody was home at the time the defendant broke into the residence. The defendant further asserts that the sentencing judge failed to consider factors in mitigation such as his disadvantaged background, remorse for the crime, and his rehabilitative potential.

In setting a sentence, the court must consider information offered in mitigation (Ill. Rev. Stat. 1989, ch. 38, par. 1005—4—1(a)(4) (now codified, as amended, at 730 ILCS 5/5—4—1(a)(4) (West 1992))), which includes the fact that "the defendant's criminal conduct neither caused nor threatened serious physical harm to another." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.1(a)(1) (now 730 ILCS 5/5—5—3.1(a)(1) (West 1992)).) Absent any contrary indication, it is presumed that the trial court considered evidence presented in mitigation. *People v. McDonald* (1992), 227 Ill. App. 3d 92, 100.

The sentencing judge stated that he considered the defendant's personal statement, his alcohol influence report, the victim impact statement, and the statutory factors in aggravation and mitigation. The court specifically noted the fact that no person was harmed by his criminal conduct as a factor in mitigation. However, the court balanced the mitigating factors against the factors in aggravation. Emphasis was placed on the defendant's criminal history, which revealed three prior convictions of burglary, one conviction of theft, two convictions of possession of alcohol by a minor, and one conviction of unlawful possession of cannabis. The defendant was sentenced to the Department of Corrections on two occasions and was later arrested and convicted while on probation and parole. Thus, the court believed that the defendant lacked a serious commitment toward rehabilitation. We find no evidence in the record indicating that the trial court failed to consider the factors in mitigation.

Finally, the defendant contends that a sentence of 19 years' imprisonment for this crime is excessive, given the nonviolent nature of the offense, his past history of nonviolent crime, his chemical dependency, minimal education, and dysfunctional upbringing. The sentence rendered by the trial court is entitled to great weight and deference (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154), since the judge had the opportunity to consider the defendant's credibility, demeanor, and general moral character firsthand. (*People v. Lintz*

(1993), 245 Ill. App. 3d 658, 669.) Thus, the length of a sentence is a matter of judicial discretion and will not be altered or reduced on review absent an abuse of that discretion. *People v. Sims* (1992), 233 Ill. App. 3d 471, 473-74.

Since the defendant was sentenced as a Class X offender, his possible sentence ranged from 6 to 30 years' imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(3) (now 730 ILCS 5/5—8—1(a)(3) (West 1992)).) The sentence of 19 years' imprisonment was within the statutorily prescribed guidelines. We note that the nature of the crime was nonviolent. When the defendant was questioned by employees of a restaurant across the street from the home, he stated that he believed the home belonged to his Aunt Margaret. The defendant did not attempt to flee, was not violent, and sat on the front porch until the police arrived. No items were stolen and the defendant did not possess burglary tools or a weapon. Although the defendant's prior criminal background was nonviolent, the sentencing judge specifically stated that an extended period of incarceration was necessary to deter the defendant's conduct. He was sentenced to serve two terms of imprisonment and was on parole when he was arrested and convicted again. While we may have balanced the factors in aggravation and mitigation differently, which may have resulted in a lesser sentence, the record does not reflect that the length of the sentence was an abuse of discretion.

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.

Affirmed.

GEIGER and QUETSCH, JJ., concur.