# Illinois Official Reports

## Appellate Court

---

### *People v. Douglas*, 2014 IL App (4th) 120617

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHAMERE L. DOUGLAS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0617 |
| Filed<br>Rehearing denied | July 2, 2014<br>July 25, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's postconviction petition as frivolous and without merit was affirmed without argument from defendant, but his claim that he should not have been sentenced as Class X offender for an aggravated battery committed and charged when he was under the age of 21 was considered under the exception to the decision of the Illinois Supreme Court in *Jones* prohibiting the consideration of issues raised for the first time on appeal from the dismissal of a postconviction petition, since defendant alleged that his sentence was void, and under the circumstances, and in order to give both defendant and the State the benefits of the plea agreement, the cause was remanded for reformation of defendant's sentence in a manner allowed by law, including making the sentence a maximum of 10 years consecutive to the 20-year term he was already serving for an unrelated offense. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 08-CF-1917; the Hon. Heidi N. Ladd, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier and Jacqueline L. Bullard (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Allison Paige Brooks (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion. Justices Harris and Holder White concurred in the judgment and opinion.

## OPINION

¶ 1    In March 2012, defendant, Shamere Douglas, filed a *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-8 (West 2010)). On June 5, 2012, the trial court summarily dismissed defendant's petition, finding the claims raised by Douglas were frivolous and without merit. Defendant appealed the summary dismissal of his postconviction petition.

¶ 2    However, on appeal, defendant does not argue any of the issues he raised in his postconviction petition. Instead, he argues the trial court erred in sentencing him as a Class X offender pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-5-3(c)(8) (West 2008)) because he was under 21 when the crime was committed and when he was charged. Because defendant was not 21 when he was charged in this case, we find the trial court should not have sentenced defendant as a Class X offender pursuant to section 5-5-3(c)(8). However, because the plea agreement can be reformed so the sentence is valid and both parties receive the benefits for which each party negotiated, we remand this case to the trial court for a new sentencing hearing.

¶ 3                                  I. BACKGROUND

¶ 4    On October 23, 2008, the State charged defendant by information with unlawful possession with intent to deliver a controlled substance (720 ILCS 570/401(c)(2) (West 2008)), aggravated battery (720 ILCS 5/12-4(b)(18), (e)(2) (West 2008)), and resisting a peace officer (720 ILCS 5/31-1(a-7) (West 2008)). Later that month, a grand jury indicted defendant on these same charges.

¶ 5    On March 23, 2009, the trial court held a guilty plea hearing. The court informed defendant the aggravated battery charge carried a nonprobationable Class X sentence (6 to 30 years) to be served consecutively to the sentence defendant was serving in Champaign County case No. 07-CF-2074, followed by three years of mandatory supervised release (MSR). The State informed the court of the following plea agreement between the parties:

"In return for the Defendant's plea of guilty to the offense of aggravated battery, a Class [2] felony, non-probationable, eligible for Class-X sentencing, and mandatory consecutive \*\*\*, as set forth in the–Count II of the indictment filed October 30 of 2009 [*sic*], the State agrees to cap its recommendation at 10 years in the Department of Corrections. And Counts I and III will be dismissed at sentencing."

Defense counsel and the State agreed at the hearing defendant was eligible for day-for-day credit. On April 27, 2009, the court sentenced defendant to 10 years' imprisonment.

¶ 6 In May 2009, defendant filed a *pro se* motion for sentence reduction, arguing section 5-5-3(c)(8) of the Corrections Code (730 ILCS 5/5-5-3(c)(8) (West 2008)) was unconstitutional as applied to Class 2 offenders. In October 2009, the trial court gave defendant 30 days to consult with counsel and decide whether to file a motion to withdraw his guilty plea if he wanted to challenge his sentence.

¶ 7 In April 2010, defendant filed a *pro se* motion asking the trial court to rule on his motion for reduction of sentence. In the motion, defendant stated he told his attorney he did not want to withdraw his guilty plea but wanted his attorney to proceed on the motion to reduce his sentence and amend the earlier motion to include an argument the trial court erred in believing consecutive sentences were mandatory. That same month, the court denied defendant's motion because of his failure to file a motion to withdraw his negotiated guilty plea.

¶ 8 Defendant filed a direct appeal, arguing he was entitled to a $5 per-day credit against his $200 genetic-marker-group-analysis fee and $5 drug-court-program assessment. *People v. Douglas*, 2011 IL App (4th) 100368-U, ¶ 8. The State argued defendant was not entitled to the 188 days' sentencing credit awarded by the trial court because defendant was serving a 20-year sentence in an unrelated case at the same time he was in custody for the charge in this case. *Id.* ¶ 9. This court found defendant was not entitled to the 188 days' sentencing credit and, therefore, the court did not need to address defendant's arguments he was entitled to per-day monetary credit for those days. *Id.* ¶ 17.

¶ 9 In March 2012, defendant filed a *pro se* postconviction petition, arguing (1) his trial counsel provided him ineffective assistance of counsel for various reasons, (2) section 5-5-3(c)(8) of the Corrections Code was unconstitutional because it disproportionately punished Class 2 offenders the same as Class 1 offenders, and (3) his consecutive sentence was void because he was not on bond but was on a 45-day furlough when the offense occurred.

¶ 10 In June 2012, the trial court summarily dismissed defendant's petition, finding it frivolous and without merit.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 Defendant raises several issues on appeal from the dismissal of his *pro se* postconviction petition. First, he argues the trial court erred in imposing a Class X sentence pursuant to section 5-5-3(c)(8) of the Corrections Code (730 ILCS 5/5-5-3(c)(8) (West 2008)) because he was younger–at the relevant point in time–than the minimum age requirement found in that section. Second, assuming we find the trial court did not err in sentencing him as a Class X offender pursuant to section 5-5-3(c)(8) of the Corrections Code, defendant argues section 5-5-3(c)(8) is unconstitutional because it violates the *ex post facto*, due process, and equal protection clauses of the Illinois and United States Constitutions. Finally, defendant argues the trial court erred in

notifying the Illinois Department of Corrections (DOC) defendant filed a frivolous postconviction petition.

¶ 14    Defendant's *pro se* postconviction petition did not include an argument with regard to the age requirement in section 5-5-3(c)(8). Further, defendant did not raise, nor could he have raised, in his postconviction petition any argument with regard to the letter the trial court sent DOC after dismissing defendant's postconviction petition as frivolous.

¶ 15    Defendant acknowledges our supreme court in *People v. Jones*, 213 Ill. 2d 498, 505, 821 N.E.2d 1093, 1097 (2004), held any issue not raised in a postconviction petition may not be raised for the first time on appeal from the dismissal of the petition. In *Jones*, our supreme court stated:

> "[N]otwithstanding the fact that this court has only provided for successive petitions as the sole exception to the waiver language of section 122-3, our appellate court has repeatedly overlooked the waiver language of section 122-3 and has addressed claims raised for the first time on appeal for various and sundry reasons. [Citations.] Indeed, the appellate court's insistence on addressing the constitutional questions which arose from the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466[ (2000)], led to scores of opinions in which opposite conclusions were reached." *Id.* at 505-06, 821 N.E.2d at 1097.

The supreme court noted it had the authority to address an issue not raised in a postconviction petition under its supervisory authority. *Id.* at 506, 821 N.E.2d at 1098. However, the supreme court made clear:

> "Our appellate court *** cannot similarly act. As we have repeatedly stressed, the appellate court does not possess the supervisory powers enjoyed by this court [citations] and cannot, therefore, reach postconviction claims not raised in the initial petition ***." *Id.* at 507, 821 N.E.2d at 1098.

¶ 16    With the supreme court's direction in *Jones* in mind, we decline to rule on defendant's argument the trial court erred in sending a letter to DOC stating defendant's petition was frivolous and without merit. Defendant appealed only from the dismissal of his postconviction petition. Further, the record in this case does not establish DOC took any action against defendant as a result of this letter. As a result, this is a potentially moot issue.

¶ 17    We next move to defendant's argument with regard to the applicability of section 5-5-3(c)(8) to him. According to defendant, he was not 21 when his age should have been considered for purposes of section 5-5-3(c)(8). Defendant did not include this issue in his postconviction petition. However, this argument goes to the validity of his sentence. An exception to the general rule stated in *Jones* exists when a defendant alleges his or her sentence–or a portion thereof–is void. *People v. Thompson*, 209 Ill. 2d 19, 23-27, 805 N.E.2d 1200, 1203-05 (2004). Pursuant to our supreme court's decision in *Thompson*, we can consider whether defendant's Class X sentence pursuant to section 5-5-3(c)(8) of the Corrections Code (730 ILCS 5/5-5-3(c)(8) (West 2008)) is void.

¶ 18    At the time defendant committed the offense and was charged, section 5-5-3(c)(8) stated:

> "*When a defendant, over the age of 21 years, is convicted of* a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of

different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony *was committed* after conviction on the second." (Emphases added.) 730 ILCS 5/5-5-3(c)(8) (West 2008) (now codified at 730 ILCS 5/5-4.5-95 (West 2012)).

¶ 19 Whether section 5-5-3(c)(8) applied to defendant in this case presents a question of statutory interpretation. In *People v. Gutman*, 2011 IL 110338, ¶ 12, 959 N.E.2d 621, our supreme court stated the main objective of statutory construction is to determine and give effect to the General Assembly's intent. The language of the statute, when given its plain and ordinary meaning, is the most reliable indicator of legislative intent. *Id.* However, we do not view words and phrases in a statute in isolation. *Id.* Instead, we "view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation," giving effect and reasonable meaning to each word, clause, and sentence of a statute. *Id.*

¶ 20 We are not the first court to consider whether application of section 5-5-3(c)(8) (730 ILCS 5/5-5-3(c)(8) (West 2008)) is dependent on a defendant's age at the time of the offense, the time he was charged, the time he was found guilty, or the time he was sentenced. In *People v. Williams*, 358 Ill. App. 3d 363, 364, 832 N.E.2d 925, 926 (2005), the defendant argued section 5-5-3(c)(8) is dependent on a defendant having reached the age of 21 at the time the offense is committed. The defendant in *Williams* was only 20 when he committed the charged offense in that case. The defendant argued the phrase " 'over the age of 21 years' " in section 5-5-3(c)(8) is ambiguous because the statute is unclear whether the individual must be 21 when charged or when convicted. *Id.* at 365, 832 N.E.2d at 927.

¶ 21 The First District in *Williams* noted in deciding a previous case, *People v. Baaree*, 315 Ill. App. 3d 1049, 1051-53, 735 N.E.2d 720, 722-24 (2000), it engaged in lengthy discussion of the meaning of "convicted" before determining "a defendant is 'convicted' when he is adjudicated guilty by the trial court" for purposes of section 5-5-3(c)(8). *Williams*, 358 Ill. App. 3d at 365, 832 N.E.2d at 927. The First District further stated:

"The court in *Baaree* resolved any ambiguity in section 5-5-3(c)(8) when it determined that 'convicted,' for purposes of this section, refers to the adjudication of guilt and not to sentencing. In making that determination, the *Baaree* court also impliedly resolved the issue that defendant raises here. The court specifically found that '[u]nder a plain reading of the statute, it appears that a defendant's age at the time of conviction is the deciding factor in determining whether the statute will apply.' *Baaree*, 315 Ill. App. 3d at 1051[, 735 N.E.2d at 722]. Consistent with *Baaree*, we find that 'over the age of 21 years' for purposes of section 5-5-3(c)(8) refers to the time at which defendant is 'convicted' or adjudicated guilty and not to the time when the offense was committed." *Id.* at 366, 832 N.E.2d at 927-28.

¶ 22 The First District in *People v. Stokes*, 392 Ill. App. 3d 335, 343-44, 910 N.E.2d 98, 105-06 (2009), followed *Williams* finding section 5-5-3(c)(8) applied to the defendant in that case who turned 21 after commission of the offense in question but prior to trial.

¶ 23 We do not find *Williams* and *Stokes* persuasive with regard to the meaning of section 5-5-3(c)(8). The First District in *Williams* and *Stokes* relied on what the *Williams'* court called an "implicit finding" in *Baaree*. However, in *Baaree*, the defendant did not make the same

argument the defendants in *Williams* and *Stokes* made or the argument defendant makes in the case *sub judice*–that section 5-5-3(c)(8) did not apply to him because he was under 21 when the offense was committed and charged.

¶ 24 In *Baaree*, 315 Ill. App. 3d at 1050, 735 N.E.2d at 722, the defendant was arrested and found guilty of possession of a controlled substance with intent to deliver, a Class 1 felony (720 ILCS 570/401(c)(2) (West 1998)), when he was 20 years old. The defendant turned 21 before he was sentenced by the trial court. *Baaree*, 315 Ill. App. 3d at 1050, 735 N.E.2d at 722. At the sentencing hearing, the trial court found defendant was subject to a mandatory Class X sentence pursuant to section 5-5-3(c)(8) (730 ILCS 5/5-5-3(c)(8) (West 1998)). *Baaree*, 315 Ill. App. 3d at 1050, 735 N.E.2d at 722.

¶ 25 The defendant in *Baaree* argued he should not have been subject to Class X sentencing under section 5-5-3(c)(8). *Id.* He contended the term "convicted" in section 5-5-3(c)(8) could refer either to the date when he was found guilty or the date he was sentenced. *Id.* at 1051, 735 N.E.2d at 722. The First District held that "[u]nder a plain reading of the statute, it appears that a defendant's age at the time of conviction is the deciding factor in determining whether the statute will apply." *Id.* However, the First District then found what the General Assembly meant by "convicted" was ambiguous. According to the First District:

"It is unclear from section 5-5-3(c)(8) whether a 'conviction,' as used in the statute, occurs upon a defendant's being found guilty or upon the imposition of a sentence. Moreover, the context in which the term is used in the statute does not favor one meaning over the other. We therefore find the term 'convicted,' as used in section 5-5-3(c)(8), to be ambiguous in the context of this case. Criminal or penal statutes are to be strictly construed in favor of an accused. [Citation.] Where a statute creating or increasing a penalty or punishment is capable of two constructions, the construction favoring the accused is to be adopted. [Citation.] Therefore, we find that defendant was convicted for purposes of section 5-5-3(c)(8) when he was adjudicated guilty by the trial court. Because defendant was 20 years of age at that time, section 5-5-3(c)(8), by its terms, would not apply to him." *Id.* at 1052-53, 735 N.E.2d at 723-24.

¶ 26 As previously stated, the defendant in *Baaree* did not argue the applicability of section 5-5-3(c)(8) should be dependent on a defendant's age when the offense in question was committed or charged. As a result, we have no reason to believe the First District in *Baaree* considered the argument raised by defendant in the case *sub judice* or the defendants in *Williams* and *Stokes*. As a result, we do not find *Baaree*, *Williams*, or *Stokes* persuasive with regard to the issue before this court.

¶ 27 In the case *sub judice*, defendant argues section 5-5-3(c)(8) is susceptible to more than one interpretation. According to defendant, the statute should be interpreted so a defendant has to be at least 21 years old at the time of the offense before section 5-5-3(c)(8) applies. In the alternative, defendant argues section 5-5-3(c)(8) should only apply if a defendant is 21 years old when he is charged with an offense. Regardless, defendant argues, "Because [he] was only 20 years old at the time of his offense and charging, his Class X sentence was unauthorized and this cause should be reversed and remanded for resentencing under the proper Class 2 sentencing range." We agree section 5-5-3(c)(8) is susceptible to more than one interpretation and therefore ambiguous with regard to when a defendant's age should be considered for purposes of the statute.

¶ 28    The relevant portion of section 5-5-3(c)(8) for purposes of this appeal states: "When a defendant, over the age of 21 years, is convicted ***." 730 ILCS 5/5-5-3(c)(8) (West 2008). The key question in this case concerning the legislature's intent with regard to section 5-5-3(c)(8) is the point in time at which a defendant's age should be considered. Section 5-1-1 of the Corrections Code (730 ILCS 5/5-1-1 (West 2008)) states, "For the purposes of this Chapter, the words and phrases described in this Article have the meanings designated in this Article, except when a particular context clearly requires a different meaning." Section 5-1-7 defines "defendant" as "a person charged with an offense." 730 ILCS 5/5-1-7 (West 2008).

¶ 29    When the term "defendant" in section 5-5-3(c)(8) is replaced by the definition of that term provided in section 5-1-7, section 5-5-3(c)(8) reads: "When a [person charged with an offense], over the age of 21 years, is convicted ***." 730 ILCS 5/5-5-3(c)(8) (West 2008). When read in this manner, the key point in time is no longer the date of conviction but instead is the date the individual is charged with an offense.

¶ 30    "When construing criminal statutes, the rule of lenity requires that any ambiguity must be resolved in that manner which favors the accused." *People v. Jones*, 223 Ill. 2d 569, 581, 861 N.E.2d 967, 975 (2006). In this case, the interpretation favoring the accused places the date for determining a person's age for purposes of section 5-5-3(c)(8) on the date he is charged. Because defendant was not 21 when he was charged in this case, he was not eligible for a Class X sentence pursuant to section 5-5-3(c)(8).

¶ 31    Because we find defendant was not eligible for a Class X sentence pursuant to section 5-5-3(c)(8) due to his age at the time he was charged in this case, we need not address defendant's arguments regarding the constitutionality of this section of the Corrections Code. We also do not need to reach the issue of whether a defendant who is under 21 when he commits an offense, but turns 21 before he is charged with the offense, is eligible for Class X sentencing. That issue is not before us.

¶ 32    Because we have determined defendant's Class X sentence pursuant to section 5-5-3(c)(8) is void, we disagree with the State's position defendant is estopped from challenging his sentence simply because he agreed to the sentence as part of a negotiated plea agreement. However, we also disagree with defendant's argument we should simply remand this case for the trial court to sentence defendant within the sentencing range of three to seven years for a Class 2 offense.

¶ 33    In *People v. White*, 2011 IL 109616, ¶ 20, 953 N.E.2d 398, our supreme court stated it is the duty of the trial court to fix punishment after accepting a guilty plea. A court lacks authority to impose a sentence that fails to conform with statutory guidelines. *Id.* If a court exceeds its sentencing authority, the sentence imposed is illegal and void. *Id.* The fact the State and the defendant agreed to a sentence outside of what is allowed by statute does not mean the sentence is valid. *Id.* ¶ 23, 953 N.E.2d 398.

¶ 34    In *White*, the supreme court found the defendant's 28-year sentence, imposed pursuant to a negotiated plea agreement, was not valid. The mandatory minimum sentence for first degree murder when armed with a firearm was 35 years. *Id.* ¶ 19, 953 N.E.2d 398. According to the supreme court:

    "Defendant pled guilty to committing the offense of first degree murder and the factual basis provided to the court in support of defendant's plea made it clear that a firearm was used in the commission of the offense. Under these circumstances, the legislature has mandated that an additional period of 15 years must be added to the sentence. Thus,

the trial court could not impose a sentence that did not include the 15-year mandatory enhancement. If we were to hold that the State could negotiate a sentence without the mandatory enhancement, it would render section 5-8-1(a)(1)(d)(i) and the legislature's clear intent in enacting this provision meaningless." *Id.* ¶ 29, 953 N.E.2d 398.

¶ 35    The supreme court remanded the case to the trial court "with directions to allow defendant to withdraw his guilty plea and proceed to trial" if he still wanted to proceed in that manner. *Id.* ¶ 31, 953 N.E.2d 398.

¶ 36    However, in *People v. Donelson*, 2013 IL 113603, ¶ 1, 989 N.E.2d 1101, our supreme court was again confronted with a situation where the State and defendant had agreed to a void sentence as part of a fully negotiated plea. The State and defendant entered into a fully negotiated plea agreement but were both mutually mistaken as to the manner in which the defendant's sentences had to be served. *Id.* The parties agreed to a concurrent sentencing structure, but consecutive sentencing was statutorily mandated. *Id.* Nevertheless, the parties agreed on the maximum number of years defendant was to serve. *Id.* The defendant argued the plea agreement's inclusion of concurrent sentencing rendered both his sentences and his plea void. *Id.* ¶ 13, 989 N.E.2d 1101. The appellate court agreed with defendant the sentencing structure was void to the extent the sentences were ordered to run concurrently, but held the "agreement was not void, as the intent of the parties–that defendant serve an agreed number of years in prison–could be implemented by resentencing defendant 'in accordance with both the plea agreement and the applicable statutes.' " *Id.* (quoting *People v. Donelson*, 2011 IL App (1st) 092594, ¶¶ 18, 22, 960 N.E.2d 1229).

¶ 37    The supreme court noted: "A sentence, or portion thereof, that is not authorized by statute is void. [Citation.] Hence, the sentencing structure employed in defendant's case renders his sentences void to the extent they were ordered to be served concurrently." *Id.* ¶ 15, 989 N.E.2d 1101. The defendant argued the supreme court's decision in *White* called for defendant's plea to be vacated and the case remanded for further proceedings, which could either lead to a new plea agreement or a trial. *Id.* ¶ 16, 989 N.E.2d 1101. The defendant in *Donelson* argued *this was not a situation where he pled for a sentencing cap*, but instead negotiated for specific sentences. *Id.* According to defendant, " 'the trial court should not be allowed to unilaterally modify the sentences and deprive the State of the benefit of its bargain, *** rather the plea should be withdrawn and the parties should be returned to their positions prior to imposition of the void sentence.' " *Id.* The State argued " 'plea agreements, like all contracts, occasionally include mistakes of law or fact' " and the equitable solution for this type of situation was to reform the parties' agreement in a manner to give both parties the benefit of their bargain. *Id.* ¶ 17, 989 N.E.2d 1101. The State argued the appellate court's remedy would provide the defendant the essential term of his bargain, a total period of 50 years' incarceration. *Id.* Our supreme court agreed with the State. *Id.*

¶ 38    The supreme court noted "a plea agreement has often been compared to an enforceable contract, and this court has applied contract law principles in appropriate circumstances." *Id.* ¶ 18, 989 N.E.2d 1101. The court continued:

"Where a plea rests in any significant degree upon a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration for the plea, that feature of the agreement must be fulfilled. [Citation.] The principal inquiry, in that respect, is whether the defendant has received the benefit of his bargain. [Citation.] Though rarely emphasized in this court's jurisprudence, the other half of the

contractual equation is the benefit of the bargain accruing to the State, a consideration that looms larger as the temporal gap between the commission of the offenses and attempts to withdraw the guilty plea widens.

Here, the defendant and the State were mistaken insofar as they believed that defendant could be sentenced to concurrent terms of imprisonment for murder, home invasion, and aggravated criminal sexual assault. However, pursuant to contract principles, contracting parties' mutual mistake may be rectified by recourse to contract reformation [citation], where they are in actual agreement and their true intent may be discerned [citation]." *Id.* ¶¶ 19-20, 989 N.E.2d 1101.

¶ 39 The supreme court noted the procedural history in the case indicated the defendant wanted to limit himself to three convictions and set an upper limit on the amount of time he would be imprisoned. *Id.* ¶ 22, 989 N.E.2d 1101. According to the court, "[The] [d]efendant's bald assertion that he negotiated for specific sentences–that this was not a situation where he pled for a sentencing cap–rings hollow." (Emphasis omitted.) *Id.* ¶ 25, 989 N.E.2d 1101.

¶ 40 Our supreme court noted "[w]hen a defendant's guilty plea ' "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." ' [Citation.]" *Id.* ¶ 28, 989 N.E.2d 1101. However, the reverse is true also. If the State's decision to enter into a plea agreement with a defendant rests in any significant degree on a defendant's promise with regard to an admission of responsibility and willingness to accept a specified sentence or a sentence within a certain range, the defendant's promise must be fulfilled also unless the State is willing to forego some of the benefits for which it had bargained. The supreme court in *Donelson* found defendant could receive all the benefits he bargained for when resentenced by the trial court in a manner allowed by law. *Id.* ¶ 29, 989 N.E.2d 1101. The court declined to vacate defendant's guilty plea.

¶ 41 According to the State, because we have found defendant could not be sentenced as a Class X felon pursuant to section 5-5-3(c)(8) of the Corrections Code (730 ILCS 5/5-5-3(c)(8) (West 2008)), the only appropriate remedy is to rescind the entire plea agreement. We disagree for the reasons stated in *Donelson*.

¶ 42 It appears both defendant and the State can receive the benefits of the plea agreement by reforming defendant's sentence in a manner allowed by law. At the guilty plea hearing, the State recited the following terms for the plea agreement:

"In return for the Defendant's plea of guilty to the offense of aggravated battery, a Class [2] felony, non-probationable, eligible for the Class-X sentencing, and mandatory consecutive ***, as set forth in the–Count II of the indictment filed October 30 of 2009 [*sic*], the State agrees to cap its recommendation at 10 years in the Department of Corrections. And Counts I and III will be dismissed at sentencing."

Defense counsel and the State agreed at the hearing defendant would be entitled to day-for-day credit.

¶ 43 Based on what took place at the plea hearing, the intent of the parties was defendant would serve a maximum term of 10 years in prison for aggravated battery, consecutive to the 20-year prison sentence he was serving in Champaign County case No. 07-CF-2074, in exchange for the State dismissing charges of unlawful possession with intent to deliver a controlled substance (a Class 1 felony) and resisting a peace officer (a Class 4 felony).

¶ 44 The normal sentencing range for a Class 2 felony is three to seven years in prison. 730 ILCS 5/5-8-1(a)(5) (West 2008). However, defendant was eligible for an extended-term sentence based on his criminal history of up to 14 years in prison on the aggravated battery charge. 730 ILCS 5/5-5-3.2(b)(1), 5-8-2(a)(4) (West 2008). Defendant makes no argument his sentence in this case cannot run consecutive to his sentence in case No. 07-CF-2074. Pursuant to *Donelson*, we fail to see any reason why defendant's plea agreement cannot be reformed so a valid sentence of between 3 and 10 years may be entered on remand giving both parties the respective benefits they each bargained for in the plea agreement.

¶ 45 As a result, we remand this case for a new sentencing hearing so the trial court may impose a valid sentence, considering defendant is not eligible for Class X sentencing, that meets the parties' intent as outlined above.

¶ 46                                III. CONCLUSION

¶ 47 For the reasons stated, we affirm the summary dismissal of defendant's postconviction petition but vacate defendant's Class X sentence and remand for a new sentencing hearing where the trial court shall impose a sentence between 3 and 10 years' imprisonment.

¶ 48 Affirmed in part and vacated in part; cause remanded with directions.