# Illinois Official Reports

## Appellate Court

---

### *People v. Brown*, 2015 IL App (1st) 140508

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH BROWN, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-14-0508 |
| Filed | December 23, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CR-14282; the Hon. Rosemary Higgins, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Lauren A. Bauser, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Joseph Alexander, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justice Pucinski concurred in the judgment and opinion.<br>Justice Lavin dissented, with opinion. |

**OPINION**

¶ 1 Following a bench trial, defendant Joseph Brown was convicted of possession of heroin with intent to deliver and sentenced as a Class X offender pursuant to section 5-4.5-95(b) of the Unified Code of Corrections (Code) due to his prior felony convictions. 730 ILCS 5/5-4.5-95(b) (West 2014). Brown appeals, arguing that he was ineligible for Class X sentencing because he was under the age of 21 when he committed and was charged with the instant offense, and section 5-4.5-95(b) contemplates that an offender be over 21 years old on the date he either commits or is charged with the crime (as opposed to the date he is convicted) before he can be sentenced to a Class X term. Alternatively, he contends that insofar as the section does not so contemplate, it is unconstitutional. Finally, he maintains that the mittimus incorrectly reflects the name of the offense for which he was convicted. For the reasons that follow, we vacate Brown's sentence and remand for resentencing.

¶ 2                           BACKGROUND

¶ 3 On July 3, 2013, 20-year-old Brown was arrested after an officer observed him engage in the sale of drugs, later discovered to be heroin. On July 29, 2013, Brown was charged by information with possession of a controlled substance with intent to deliver. He turned 21 the next day.

¶ 4 A bench trial commenced on November 18, 2013, after which Brown was found guilty of possessing more than 1 but less than 15 grams of heroin with intent to deliver. At the sentencing hearing one month later, the State argued, and Brown's attorney stipulated, that Brown was eligible for Class X sentencing based on his two prior convictions for Class 2 felonies. The trial court sentenced Brown to six years' imprisonment, the minimum term for a Class X offender. 730 ILCS 5/5-4.5-25(a) (West 2012). Brown's motion to reconsider the sentence was denied, and Brown now appeals.

¶ 5                            ANALYSIS

¶ 6 The primary issue on appeal is whether the trial court erred in sentencing Brown as a Class X offender pursuant to section 5-4.5-95(b) of the Code, which reads:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender." 730 ILCS 5/5-4.5-95(b) (West 2014).

¶ 7 Brown contends that because he was 20 years old at the time he committed and was charged with the instant offense, section 5-4.5-95(b) does not apply to him. The State counters that it is Brown's age at the time of *conviction* that is relevant to his eligibility for Class X sentencing.

¶ 8 Resolution of this issue is a matter of statutory interpretation, which presents a question of law that we review *de novo. People v. Chapman*, 2012 IL 111896, ¶ 23. Any interpretation of a statute necessarily begins with the understanding that our primary role is to give effect to

the intent of the legislature. *Id.* The best indication of legislative intent is the language of the statute itself, and if that language is clear on its face, it is unnecessary to resort to other aids of construction. *Brucker v. Mercola*, 227 Ill. 2d 502, 513 (2007). When construing a statute, we do not view words and phrases in isolation, but consider the statutory provisions as a whole. *In re Donald A.G.*, 221 Ill. 2d 234, 246 (2006). Importantly, where a criminal statute is ambiguous, the rule of lenity requires us to resolve the ambiguity in favor of the defendant. *People v. Boyce*, 2015 IL 117108, ¶ 15.

¶ 9 This court has previously analyzed section 5-4.5-95(b) (earlier codified as 730 ILCS 5/5-5-3(c)(8)), to determine whether the phrase "over the age of 21 years" refers to the offender's age at the time of commission and charging of the crime or at the time of conviction. *People v. Douglas*, 2014 IL App (4th) 120617, *pet. for leave to appeal pending*, No. 118184 (filed Nov. 9, 2015); *People v. Stokes*, 392 Ill. App. 3d 335 (2009); *People v. Williams*, 358 Ill. App. 3d 363 (2005). These decisions have not reached a uniform result.

¶ 10 In *Stokes* and *Williams*, this court held that the statute refers to a defendant's age when he is convicted as opposed to when he commits the crime or is charged. *Stokes*, 392 Ill. App. 3d at 344; *Williams*, 358 Ill. App. 3d at 366. For this proposition, the court relied on *People v. Baaree*, 315 Ill. App. 3d 1049 (2000), a case that answered a slightly different question. In *Baaree*, the defendant argued that he should not have been subject to Class X sentencing because although he was over the age of 21 when he was sentenced, he was 20 years old when he was found guilty. *Id.* at 1050-51. This court held that the applicability of section 5-5-3(c)(8) turned on the date a defendant was convicted, but found that the meaning of "convicted" was ambiguous. *Id.* at 1051. Specifically, the court explained that in some contexts a person is deemed convicted upon a finding of guilt, while in other contexts a conviction is said to occur only after a sentence is imposed. *Id.* at 1051-52. Applying the rule of lenity, *Baaree* concluded that "defendant was convicted for purposes of section 5-5-3(c)(8) when he was adjudicated guilty by the trial court." *Id.* at 1053. Thus, because defendant was not yet 21 when he was found guilty, the court concluded that defendant was not subject to Class X sentencing. *Id.*

¶ 11 In contrast to the *Baaree* defendant, the defendants in *Stokes* and *Williams* had turned 21 by the time they were convicted, but nevertheless argued that section 5-5-3(c)(8) should not apply to them where they were under 21 years of age when they committed their crimes. *Stokes*, 392 Ill. App. 3d at 343; *Williams*, 358 Ill. App. 3d at 365. Although *Baaree* did not directly address this issue, this court held in both cases that *Baaree* implicitly found that a defendant was eligible for Class X sentencing if he was over the age of 21 years at the time he was *convicted*, that is, sentenced, notwithstanding that he was under 21 at the time he *committed* the offense. *Stokes*, 392 Ill. App. 3d at 344; *Williams*, 358 Ill. App. 3d at 366.

¶ 12 *Douglas* rejected this interpretation of *Baaree*, pointing out that "the defendant in *Baaree* did not argue the applicability of section 5-5-3(c)(8) should be dependent on a defendant's age when the offense in question was committed or charged." *Douglas*, 2014 IL App (4th) 120617, ¶ 26. The *Douglas* court then proceeded to independently analyze what is now section 5-4.5-95(b) of the Code. The court held that the section was ambiguous with regard to the point in time when a defendant's age should be considered–commission, charging or conviction–and looked to the meaning of the word "defendant" to resolve the ambiguity. *Id.* ¶¶ 27-28. A "defendant" for purposes of the Code is defined as " 'a person charged with an offense.' " *Id.* ¶ 28 (quoting 730 ILCS 5/5-1-7 (West 2008)). The court reasoned:

"When the term 'defendant' in section 5-5-3(c)(8) is replaced by the definition of that term provided in section 5-1-7, section 5-5-3(c)(8) reads: 'When a [person charged with an offense], over the age of 21 years, is convicted ***.' [Citation.] When read in this manner, the key point in time is no longer the date of conviction but instead is the date the individual is charged with an offense." *Id.* ¶ 29.

¶ 13    We are persuaded by *Douglas*'s reasoning, which in turn finds support in *People v. Storms*, 254 Ill. App. 3d 139 (1993), where the court examined the interplay between "defendant" and "over the age of 21 years" in the statute. *Storms* noted that the application of section 5-5-3(c)(8) to " 'a defendant' " is qualified by the phrase " 'over the age of 21 years.' " *Id.* at 141. The court then applied the "last antecedent rule" of statutory construction, which provides that qualifying phrases are to be applied to the words immediately preceding them. (Internal quotation marks omitted.) *Id.* In other words, "over the age of 21 years" modifies "defendant," not "convicted." And when we consider that a defendant is defined as a person who has been charged with (not convicted of) an offense, it follows that if a defendant is under the age of 21 when he is charged with a crime he is not subject to Class X sentencing. It may be that the statute can also be read to support the conclusion that a defendant who turns 21 prior to being charged, but is under the age of 21 when he commits the crime, is likewise ineligible for Class X sentencing; however, as these are not the facts before us, we decline to answer this question today. See *Douglas*, 2014 IL App (4th) 120617, ¶ 31.

¶ 14    We are mindful that the legislature retained the relevant statutory language of section 5-5-3(c)(8) in section 5-4.5-95(b), enacted in July 2009, following the decisions in *Williams* and *Stokes*. This raises the presumption that the legislature acquiesced in *Williams*' and *Stokes*' interpretation of the statute. See *In re Q.P.*, 2015 IL 118569, ¶ 14 ("When terms used in a statute are retained by the legislature without any change after they have acquired a settled meaning through judicial construction, we will presume that the legislature has acquiesced to the judicial construction of the terms."). But this presumption is not conclusive (*Blount v. Stroud*, 232 Ill. 2d 302, 324-25 (2009)), and it has been rebutted here.

¶ 15    Initially, we note that neither *Williams* nor *Stokes* has been "extensively relied upon by Illinois courts" (*People v. Perry*, 224 Ill. 2d 312, 332 (2007)), in that *Williams* was the first case to interpret the statute as referring to a defendant's age when he was convicted rather than when he committed the crime, and *Stokes* was the only published case to cite *Williams* for this interpretation. See *id.* (declining to apply presumption in part because two cases interpreting statutory term were not cited in other published decisions); but see *Nelson v. Artley*, 2015 IL 118058, ¶ 23 (presuming that legislature acquiesced in appellate court's interpretation of statute in single case never cited in other decisions). And more significantly, the recent legislative amendment to section 5-4.5-95, effective January 1, 2016, makes no changes to section 5-4.5-95(b), notwithstanding the 2014 decision in *Douglas* that created a split in Illinois authority as to the meaning of that section. Pub. Act 99-69, § 10 (eff. Jan. 1, 2016) (amending 730 ILCS 5/5-4.5-95 (West 2014)). This suggests that the legislature is unaware of the conflicting judicial interpretations of the statute, and its continued retention of the same language therefore sheds little light on its intent. In other words, the presumption of legislative acquiescence does not apply here.

¶ 16    In sum, we conclude that the statute is ambiguous regarding at what point the defendant's age should be considered–commission, charging or conviction–and this requires an

- 4 -

interpretation in favor of the defendant in accordance with the rule of lenity. *Boyce*, 2015 IL 117108, ¶ 15. Interpreting section 5-4.5-95(b) to favor Brown, we hold that because he was under the age of 21 on the date he was charged, he was ineligible for Class X sentencing. Therefore, we find it unnecessary to consider Brown's arguments regarding the constitutionality of section 5-4.5-95(b), and remand for resentencing on Brown's Class 1 felony. 720 ILCS 570/401(c)(1) (West 2014).[1]

¶ 17    Finally, Brown contends, and the State agrees, that the mittimus should be corrected to accurately reflect the name of his conviction. But because we are remanding for resentencing, an order to correct the mittimus is premature. *People v. Harris*, 2012 IL App (1st) 092251, ¶ 33. Thus, we note only that on remand, the mittimus should identify the name of the offense for which Brown was convicted as possession of a controlled substance with intent to deliver more than 1 but less than 15 grams of heroin, rather than "MFG/DEL 1<15 GR HEROIN/AN," referring to manufacture of heroin.

¶ 18                                             CONCLUSION

¶ 19    For the reasons stated, we vacate Brown's sentence and remand for resentencing.

¶ 20    Vacated and remanded.

¶ 21    JUSTICE LAVIN, dissenting.

¶ 22    Section 5-4.5-95(b) states as follows:

> "*When a defendant, over the age of 21 years*, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender." (Emphasis added.) 730 ILCS 5/5-4.5-95(b) (West 2014).

Accordingly, we must determine the time at which a defendant must be over 21 years of age, not the time at which an individual becomes a defendant.

¶ 23    In *Baaree*, 315 Ill. App. 3d at 1050, the defendant turned 21 years old four days after being found guilty. The reviewing court found the statute's plain language contemplated that "a defendant's age at the time of conviction is the deciding factor in determining whether the statute will apply." *Id*. at 1051. Additionally, the term "convicted" or "conviction" could pertain to either a determination following the guilt phase of a criminal proceeding or a sentencing determination. *Id*. at 1051-52. Thus, the statute supported multiple interpretations. Because ambiguous statutes must be construed in favor of an accused, the court held that for purposes of this statute, "convicted" meant the time at which the defendant was adjudicated

---

[1]Brown's 6 year sentence falls within the sentencing range of 4 to 15 years for a Class 1 felony (730 ILCS 5/5-4.5-30(a) (West 2014)), but " 'even if a sentence imposed under a wrong sentencing range fits within a correct sentencing range, the sentence must be vacated due to the trial court's reliance on the wrong sentencing range in imposing the sentence.' " *People v. Owens*, 377 Ill. App. 3d 302, 305-06 (2007) (quoting *People v. Brooks*, 202 Ill. App. 3d 164, 172 (1990)).

as guilty, not the time he was sentenced. *Id*. at 1053. Consequently, the defendant was not subject to Class X sentencing.

¶ 24 Subsequently, the reviewing courts in *Williams*, 358 Ill. App. 3d at 364-65, and *Stokes*, 392 Ill. App. 3d at 343, rejected assertions that the statute required a defendant to be 21 years of age at the time he committed the offense or the time he was charged. As a result, those cases would seem to foreclose defendant's present contention.

¶ 25 The Fourth District of this court, however, recently reached a different conclusion. *Douglas*, 2014 IL App (4th) 120617. In *Douglas*, the defendant argued he was ineligible to be sentenced as a Class X offender because he was not 21 years old when he committed the offense or was charged. *Id*. ¶ 2. In examining prior case law, the Fourth District observed that the defendant in *Baaree* had not argued that the statute could be interpreted to require the defendant to be 21 years old at the time that the offense was committed or charged. *Id*. ¶¶ 23, 26. Thus, the court found *Williams* and *Stokes* were not persuasive to the extent they determined that *Baaree* implicitly rejected those arguments. *Id*. ¶ 23.

¶ 26 The reviewing court then turned to the definition of "defendant," " 'a person charged with an offense.' " *Id*. ¶ 28 (quoting 730 ILCS 5/5-1-7 (West 2008)). With that definition in mind, the court observed that the Class X sentencing statute states: "*When [a person charged with an offense], over the age of 21 years*, is convicted" of qualifying offenses, a Class X sentence is required. (Emphasis added and internal quotation marks omitted.) *Id.* ¶ 29 (quoting 730 ILCS 5/5-5-3(c)(8) (West 2008)). The court further stated, "[w]hen read in this manner, the key point in time is no longer the date of the conviction but instead is the date the individual is charged with an offense." *Id.*

¶ 27 I do not agree that this is a reasonable reading of the statute. To be clear, I find nothing inappropriate in *Douglas*'s insertion of the definition of a defendant into the statute. Adding the definition to specifically state "[w]hen a [person charged with an offense], over the age of 21 years, is convicted" (730 ILCS 5/5-4.5-95(b) (West 2014)), however, does not support *Douglas*'s reading of the statute.

¶ 28 While a person must be charged with an offense in order to be a defendant, it does not follow that a defendant ceases to be a defendant the moment after he is charged. The defendant before us, as well as the defendant in *Douglas*, continued to be a defendant long after he was charged. Even at sentencing, a defendant is a person who has been charged with an offense. In short, the word "defendant" does not identify the time of an event; rather, it identifies a person's status. Additionally, *Douglas*'s reading of the statute would render meaningless the word "convicted." In contrast, reading the statute as a whole, as we must, the statute clearly requires the defendant to be 21 years old when convicted. If the legislature had intended the statute to read, "when a defendant over the age of 21 years, *is charged*," the legislature very well could have written the statute that way but it is not the appellate court's place to rewrite it. Because the statute is not ambiguous in the specific manner that defendant suggests, we cannot misconstrue the statute in favor of the accused.

¶ 29 Even assuming *Williams* and *Stokes* overstated the breadth of *Baaree*'s holding, the statute at issue does not support *Douglas*'s tortured interpretation. Defendant was 21 years of age when he was "convicted," under any definition of that word. Thus, he was required to be sentenced as a Class X offender. For these reasons, I dissent.